KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ELIZABETH A. KIM (State Bar No. 295277)
elizabeth.kim@mto.com
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
Fiftieth Floor
Los Angeles, California 90071-3426
Telephone:   (213) 683-9100
Facsimile:   (213) 687-3702

MICHAEL B. DESANCTIS (*pro hac vice* pending)
michael.desanctis@mto.com
MUNGER, TOLLES & OLSON LLP
1155 F Street N.W., Seventh Floor
Washington, D.C. 20004-1357
Telephone:   (202) 220-1100
Facsimile:   (202) 220-2300

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Amazon Content Services, LLC; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Netflix Studios, LLC; Paramount Pictures Corporation; Sony Pictures Television Inc.; Twentieth Century Fox Film Corporation; Universal City Studios Productions LLLP; Universal Cable Productions LLC; Universal Television LLC; Warner Bros. Entertainment Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Set Broadcast, LLC d/b/a Setvnow; Jason Labossiere; Nelson Johnson, <br> Defendants. | Case No. <br><br> **COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

1       Plaintiffs Amazon Content Services, LLC ("Amazon"); Columbia Pictures
2 Industries, Inc. ("Columbia"); Disney Enterprises, Inc. ("Disney"); Netflix Studios,
3 LLC ("Netflix"); Paramount Pictures Corporation ("Paramount"); Sony Pictures
4 Television Inc. ("Sony Pictures Television"); Twentieth Century Fox Film
5 Corporation ("Fox"); Universal City Studios Productions LLLP, Universal Cable
6 Productions LLC, and Universal Television LLC, (collectively, "Universal"); and
7 Warner Bros. Entertainment Inc. ("Warner Bros.") (collectively, "Plaintiffs") bring
8 this Complaint against Set Broadcast, LLC d/b/a Setvnow, Jason Labossiere, and
9 Nelson Johnson (Labossiere and Johnson are referred to jointly as the "Individual
10 Defendants," and the Individual Defendants and Set Broadcast, LLC are referred to
11 collectively as "Defendants") under the Copyright Act (17 U.S.C. § 101 et seq.).
12 This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a),
13 and 17 U.S.C. § 501(b). Plaintiffs allege, on personal knowledge as to themselves
14 and information and belief as to others, as follows:

## INTRODUCTION

16      1.     Defendants market and sell subscriptions to "Setvnow," a software
17 application that Defendants urge their customers to use as a tool for the mass
18 infringement of Plaintiffs' copyrighted motion pictures and television shows
19 ("Copyrighted Works"). Defendants tell customers that for "only $20/month,"
20 customers can "Stream over 500 live channels" of television and "Thousands of On
21 Demand entertainment options," all with "No long term commitments," "No
22 activation fees," "No cancellation fees," and "No credit check." Defendants
23 encourage their customers to download and install Setvnow on their mobile devices,
24 computers, and other computer hardware devices.

25
26
27
28



2.     To attract customers who would prefer a preloaded box, Defendants also market and sell "ST-110 Set Top Box" computer hardware devices that come preloaded with the Setvnow software.  Defendants tell "customers who want more of a cable box experience" that for just $89, they can "simply turn it on and watch TV" without having to do anything more than "PLUG AND PLAY."

3.     Whether their customers choose a subscription or a preloaded box, what Defendants actually sell is illegal access to Plaintiffs' Copyrighted Works. When used as Defendants intend and instruct, Setvnow gives Defendants' customers access to sources that stream Plaintiffs' Copyrighted Works without authorization. These streams are illegal public performances of Plaintiffs' Copyrighted Works.

4.     For the customers who use Setvnow, the service provides hallmarks of using authorized streaming services—a user-friendly interface and reliable access to popular content—but with a notable exception:  the customers only pay money to Defendants, not to Plaintiffs and other content creators upon whose copyrighted works Defendants' business depends.  Plaintiffs bring this action to stop Defendants' intentional inducement of, and knowing and material contribution to, the widespread infringement of Plaintiffs' rights.

### THE PARTIES

5.     Plaintiff Amazon Content Services, LLC is a corporation duly incorporated under the laws of the State of Delaware with its principal place of

business in Seattle, Washington.  Amazon owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

6.     Plaintiff Columbia Pictures Industries, Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Culver City, California.  Columbia owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

7.     Plaintiff Disney Enterprises, Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Burbank, California.  Disney owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

8.     Plaintiff Netflix Studios, LLC is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Los Gatos, California.  Netflix owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

9.     Plaintiff Paramount Pictures Corporation is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Los Angeles, California.  Paramount owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

10.     Plaintiff Sony Pictures Television Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Culver City, California.  Sony Pictures Television owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

11.     Plaintiff Twentieth Century Fox Film Corporation is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Los Angeles, California.  Fox owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

12.     Plaintiff Universal City Studios Productions LLLP is a limited liability limited partnership duly organized under the laws of the State of Delaware with its principal place of business in Universal City, California.  Universal City Studios Productions LLLP owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

13.     Plaintiff Universal Cable Productions LLC (formerly known as Universal Network Television LLC) is a limited liability company duly organized under the laws of the State of Delaware with its principal place of business in Universal City, California.  Universal Cable Productions LLC owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

14.     Plaintiff Universal Television LLC is a limited liability company duly organized under the laws of the State of New York with its principal place of business in Universal City, California.  Universal Television LLC owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

15.     Plaintiff Warner Bros. Entertainment Inc. is a corporation duly incorporated under the laws of the State of Delaware with its principal place of business in Burbank, California.  Warner Bros. owns or controls the copyrights or exclusive rights in the content that it or its affiliates produce or distribute.

16.     Plaintiffs have obtained Certificates of Copyright Registration for their Copyrighted Works.  Exhibit A contains a representative list of titles, along with their registration numbers, as to which Defendants have contributed to and induced infringement and continue to contribute to and induce infringement.

17.     Defendant Set Broadcast, LLC is a corporation duly incorporated under the laws of the State of Florida with its principal place of business at 11125 Park Blvd., Suite 104-148, Seminole, Florida 33772.  Defendant Set Broadcast, LLC does

business under the name Setvnow and operates an interactive website available at http://www.setvnow.com.

18.     Defendant Jason Labbosiere is the owner and operator of Set Broadcast, LLC.  Labossiere is a resident of Largo, Florida.

19.     Defendant Nelson Johnson is an employee and former authorized manager of Set Broadcast, LLC.  Johnson is a resident of Riverview, Florida.

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 501(b).

21.     Defendants knowingly and intentionally targets Plaintiffs and the State of California by openly encouraging Setvnow customers in California, among other places, to obtain streams of infringing content.  Defendants intend that their customers will use Setvnow overwhelmingly to stream infringing performances of Plaintiffs' Copyrighted Works.  Defendants know and intend that their activities will cause significant harm in the State of California, which is the locus of most of Plaintiffs' production and distribution operations.  Setvnow also uses Plaintiffs' or their affiliates' trademarks for television channels (e.g., the Disney Channel) to demonstrate the range of available infringing content.

22.     Setvnow advertises, sells, and provides its subscriptions and "ST-110 Set Top Boxes" to California residents.  It also provides ongoing technical support and updates to California residents.  Defendants use the services of companies in California, including Facebook and YouTube, to advertise and promote Setvnow to potential customers in California.

23.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTUAL OVERVIEW

**Plaintiffs and Their Copyrighted Works**

24.     Plaintiffs or their affiliates produce and distribute some of the most popular and critically acclaimed motion pictures and television shows in the world.

25.     Plaintiffs or their affiliates have invested (and continue to invest) substantial resources and effort each year to develop, produce, distribute, and publicly perform their Copyrighted Works.

26.     Plaintiffs or their affiliates own or have the exclusive U.S. rights (among others) to reproduce, distribute, and publicly perform their Copyrighted Works, including by means of streaming those works over the Internet to the public.

27.     Plaintiffs authorize the distribution and public performance of their Copyrighted Works in various formats and through multiple distribution channels, including, by way of example: (a) for exhibition in theaters; (b) through cable and direct-to-home satellite services (including basic, premium, and "pay-per-view"); (c) through authorized, licensed Internet video-on-demand services, including those operated by iTunes, Google Play, Hulu, VUDU, Netflix, Inc. and Amazon.com, Inc.; (d) for private home viewing on DVDs and Blu-ray discs; and (e) for broadcast on television.

28.     Plaintiffs have not authorized Defendants, the operators of the sources to which Setvnow links, or Defendants' customers, to exercise any of Plaintiffs' exclusive rights under the Copyright Act.

**Defendants' Inducement of and Contribution to the Infringement of Plaintiffs' Copyrighted Works**

*The Setvnow Experience*

29.     Defendants promote Setvnow as a substitute for cable television subscriptions, telling customers that for "ONLY $20 PER MONTH," customers will have "Thousands of On Demand entertainment options" and "500 + Channels" with

"No long term commitments," "No activation fees," "No cancellation fees," "No Credit Check," and "Professional Support."



30.     Once customers purchase a monthly subscription plan, they need only download and install the Setvnow application on their laptop, mobile device, tablet, or other hardware device to have access to high-quality, high-speed streams of infringing content.

31.     Defendants' customers access infringing streams through use of the Setvnow software application.  The Setvnow application provides a built-in media player and curated menus of live television channels and on-demand television show episodes and movies.   As depicted below, Setvnow's user interface provides simple click-to-play options for content.

1
2
3
4
5
6
7
8
9
10
11



12   32.    When a user selects any of the menu links above, Setvnow begins

13   streaming the selected content from third-party sources.  These sources capture live

14   transmissions of the above-listed television channels, convert the copies of the

15   television programs into streaming-friendly formats, and then retransmit the entirety

16   of the live broadcasts over the Internet.  In the screenshot above, a customer who

17   simply clicked once on "DISNEY CHANNEL" would have instant access to a live

18   stream of the Disney Channel.

19   33.    For its on-demand options, Setvnow relies on third-party sources that

20   illicitly reproduce copyrighted works and then provide streams of popular content

21   such as movies still exclusively in theaters and television shows.

22   34.    Defendants' customers use Setvnow as follows.  First, the customer

23   downloads the Setvnow application on his or her laptop, mobile device, tablet, or

24   other hardware device.  The customer then inputs his or her login information.

25
26
27
28

1

2

35.     Upon login, Setvnow presents the customer with an easy-to-navigate user interface, with top-menu selections that include "TV" and "VOD":

3

4

5



6

7

8

9

10

11

12

13

14

15

16

36.     From the "TV" page, Defendants' customers can select any one of the "500+ channels" of live television, including Plaintiffs' copyrighted television programs.  In addition to the channel guide on the right-side of the media player, Setvnow also offers its customers a "Whats Next" menu below the media player.

17

18

19

20

21

22

23

24

25

26

27

28

1      37.     Setvnow's built-in media player can be expanded to full-screen for a

2  high-quality streaming and viewing experience.



38.    On the "VOD" page, Setvnow presents customers curated menu of on-demand television shows and movies, organized into categories such as "NEW RELEASES," "TV SHOWS," "ACTION," "FAMILY," and "COMEDY."



39.    On April 10, 2018, a Setvnow customer who selected the "NEW RELEASES" category would have had the ability to access immediately hundreds of titles, including movies still in theaters.

40.    Defendants' customers use Setvnow for intended and unquestionably infringing purposes, most notably to obtain immediate, unrestricted, and unauthorized access to unauthorized streams of Plaintiffs' Copyrighted Works.

**_Defendants Intentionally Induce Mass Infringement of Plaintiffs' Copyrighted Works_**

41.    Defendants promote the use of Setvnow for overwhelmingly, if not exclusively, infringing purposes, and that is how their customers use Setvnow.

42.    Defendants advertise Setvnow as a substitute for authorized and legitimate distribution channels such as cable television or video-on-demand services like Amazon Prime Video and Netflix.  Defendants urge Setvnow customers to stream infringing content.  Defendants tell customers in promotional videos that customers can "start enjoying live TV and videos on demand easily and conveniently,"[1] and that Setvnow will "provide the on-demand television shows and movies that you were looking for."[2]

43.    Defendants also pay for sponsored reviews to reach a broader audience of customers.  For example, in one sponsored review with over 80,000 video views, the paid reviewer explains to potential customers that "another huge win for Set TV[3] is this on-demand feature and there are new movies, new releases that you can see … so some things that you might have to rent somewhere else it's free here in your $20 subscription per month and your favorite TV shows are here too," including "some Netflix exclusive shows." [4]  In another sponsored review with over 120,000 video views, the sponsored reviewer promotes Setvnow as a quick and easy way to access on demand movies: "You have new releases right there and you simply click on the movie … you click it and click on play again and here you have the movie just like that in 1 2 3 in beautiful HD quality."[5]  This same reviewer

---

[1] SET TV NOW Sales, *Tired of Paying to much money on Cable TV* (posted May 4, 2017) https://www.youtube.com/watch?v=xtLZNF6rxyo

[2] SET TV NOW Sales, *Install Set TV on Android Box 2018 Guide* at 7:30 (posted Feb. 24, 2018), https://www.youtube.com/watch?v=uRdbBAvFHgE

[3] The sponsored reviewers sometimes use "Set TV" as shorthand for the Setvnow application.

[4] SET TV NOW Sales, *Best IPTV Cable Killer Set TV 500+ Channels for $20!* at 3:50-4:28 (posted Oct. 11, 2017) https://www.youtube.com/watch?v=ZghyFUrrbwY&t=24s

[5] SET TV NOW Sales, *4 1* at 1:51 (posted Apr. 19, 2017) https://www.youtube.com/watch?v=BBy-4fx_I_8

promotes the ease of downloading and installing the Setvnow application, explaining that "it only takes ten seconds, literally."[6]  Another sponsored review with over 64,000 video views exclaims to potential customers that Setvnow provides "episode after episode of TV show after TV show and you can go and find the ones that you want and of course the newer releases."[7]  The review goes on to highlight "the quality [and] the speed" of Setvnow, and explains that the service "work[s] beautifully" because Setvnow "has their own servers which means they're able to put this out and do a good job with it."[8]

44.     Defendants release and promote software updates to the Setvnow application as a means of ensuring the quality of streams through Setvnow.  On their Facebook page, Defendants explain that "Developers are currently doing a patch … as we are trying to improve our service."[9]

45.     The commercial value of Defendants' business depends on high-volume use of unauthorized content through the Setvnow application.  Defendants promise their customers reliable and convenient access to all the content they can stream; customers purchase Setvnow subscriptions based on Defendants' success—which Defendants tout and promote—in connecting their customers to infringing content.  Customers renew their monthly subscriptions because Setvnow connects these customers to high-speed and high-quality streams of infringing content.  Defendants also solicit individuals to serve as authorized affiliates and re-sellers of Setvnow through the "SET TV Re-Seller & Affiliate Program" by highlighting the

---

[6] *Id.* at 3:00.

[7] SET TV NOW Sales, *1 1* at 1:50 (Apr. 19, 2017) https://www.youtube.com/watch?v=7CLTs08Uhfg

[8] *Id.*

[9] Setvnow (posted Dec. 9, 2017) https://www.facebook.com/ordersetvnow/posts/268649086997443

increasing popularity of Setvnow and the ease of making hundreds of dollars in commissions.[10]

46.     Defendants also encourage users to "Refer your friends and family to SET TV to earn rewards and cash" in the Setvnow application.



47.     Defendants' revenues grow based on increase in demand for Setvnow and continued monthly subscriptions.  The demand for Setvnow is directly driven by Defendants' promise of all-inclusive access to infringing content for only $20 per month.  These promises depend on and form an integral part of an ecosystem built on the mass infringement of Plaintiffs' Copyrighted Works.

---

[10] Setvnow (posted Oct. 6, 2017)
https://www.facebook.com/ordersetvnow/posts/243834122812273

**FIRST CAUSE OF ACTION**

**(Intentionally Inducing the Infringement of Plaintiffs' Copyrighted Works, 17 U.S.C. § 106)**

48.     Plaintiffs incorporate herein by reference each and every averment contained in paragraphs 1 through 47 inclusive.

49.     Defendants intentionally induce the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly perform their Copyrighted Works.  As intended and encouraged by Defendants, Setvnow connects customers to unauthorized online sources that stream Plaintiffs' Copyrighted Works.  The operators of these source repositories directly infringe Plaintiffs' public performance rights by providing unauthorized streams of the works to the public, including to Setvnow customers. These operators, or others operating in concert with them, control the facilities and equipment used to store and stream the content, and they actively and directly cause the content to be streamed when Setvnow customers click on a link for the content.

50.     Defendants induce the aforementioned acts of infringement by supplying the software application that facilitates, enables, and creates direct links between Setvnow customers and the infringing operators of the streaming services, and by actively inducing, encouraging and promoting the use of their software application for blatant copyright infringement.

51.     Defendants' intentional inducement of the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

52.     Defendants' inducement of the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

53.    As a direct and proximate result of the infringement that Defendants intentionally induce, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial.

54.    Alternatively, at their election, Plaintiffs are entitled to statutory damages, up to the maximum amount of $150,000 per work infringed by virtue of Defendants' willful inducement of infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

55.    Plaintiffs further are entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

56.    As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to induce infringement of Plaintiffs' rights in their Copyrighted Works.  Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION

### (Contributory Copyright Infringement by Knowingly and Materially Contributing to the Infringement of Plaintiffs' Copyrighted Works, 17 U.S.C. § 106)

57.    Plaintiffs incorporate herein by reference each and every averment contained in paragraphs 1 through 56 inclusive.

58.    Defendants have actual or constructive knowledge of third parties' infringement of Plaintiffs' exclusive rights under the Copyright Act.  Defendants knowingly and materially contribute to such infringing activity.

59.    Defendants knowingly and materially contribute to the infringement of Plaintiffs' exclusive rights under the Copyright Act, including infringement of Plaintiffs' exclusive right to publicly perform their works.  Defendants design and promote the use of the Setvnow software application to connect customers to

unauthorized online sources that stream Plaintiffs' Copyrighted Works. The operators of these source repositories directly infringe Plaintiffs' public performance rights by providing unauthorized streams of the works to the public, including to Setvnow customers. The operators, or others operating in concert with them, control the facilities and equipment used to store and stream the content, and they actively and directly cause the content to be streamed when Setvnow customers click on a link for the content.

60.     Defendants knowingly and materially contribute to the aforementioned acts of infringement by supplying the software application that facilitates, encourages, enables, and creates direct links between Setvnow customers and infringing operators of the streaming services, and by actively encouraging, promoting, and contributing to the use of their devices for blatant copyright infringement.

61.     Defendants' knowing and material contribution to the infringement of Plaintiffs' rights in each of their Copyrighted Works constitutes a separate and distinct act of infringement.

62.     Defendants' knowing and material contribution to the infringement of Plaintiffs' Copyrighted Works is willful, intentional, and purposeful, and in disregard of and with indifference to the rights of Plaintiffs.

63.     As a direct and proximate result of the infringement to which Defendants knowingly and materially contribute, Plaintiffs are entitled to damages and Defendants' profits in amounts to be proven at trial.

64.     Alternatively, at their election, Plaintiffs are entitled to statutory damages, up to the maximum amount of $150,000 per work infringed by virtue of Defendants' willful, knowing, and material contribution to infringement, or for such other amounts as may be proper under 17 U.S.C. § 504.

65.     Plaintiffs further are entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

66.     As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy at law.  Unless enjoined and restrained by this Court, Defendants will continue to knowingly and materially contribute to the infringement of Plaintiffs' rights in their Copyrighted Works. Plaintiffs are entitled to injunctive relief under 17 U.S.C. § 502.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants and for the following relief:

1.     For Plaintiffs' damages and Defendants' profits in such amount as may be found; alternatively, at Plaintiffs' election, for maximum statutory damages; or for such other amounts as may be proper pursuant to 17 U.S.C. § 504(c).

2.     For preliminary and permanent injunctions (a) enjoining Defendants and their officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with them, from publicly performing or otherwise infringing in any manner (including without limitation by materially contributing to or intentionally inducing the infringement of) any right under copyright in any of Plaintiffs' Copyrighted Works, including without limitation by publicly performing those works, or by distributing any software or providing any service or device that does or facilitates any of the foregoing acts; and (b) impounding all ST-110 devices in Defendants' possession, custody, or control, and any and all documents or other records in Defendants' possession, custody, or control relating to Defendants' contribution to and inducement of the infringement of Plaintiffs' Copyrighted Works.

3.     For prejudgment interest according to law.

4.     For Plaintiffs' attorneys' fees and full costs incurred in this action pursuant to 17 U.S.C. § 505.

5.      For all such further and additional relief, in law or in equity, to which Plaintiffs may be entitled or which the Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues triable by jury.

DATED:  April 20, 2018                    MUNGER, TOLLES & OLSON LLP

By:      */s/ Kelly M. Klaus*
KELLY M. KLAUS
Attorneys for Plaintiffs

# EXHIBIT A

*Amazon Content Services, LLC et al. v. Set Broadcast, LLC et al*
**Representative List of Works**

| Title | Copyright Registrant | Registration Number | Registration Date |
|---|---|---|---|
| Last Flag Flying | Amazon Content Services, LLC | PA 000-206-5192 | 11/30/2017 |
| The Wall | Amazon Content Services, LLC | PA 000-204-3666 | 5/15/2017 |
| The Only Living Boy in New York | Amazon Content Services, LLC | PA 000-205-2210 | 9/7/2017 |
| Wonderstruck | Amazon Content Services, LLC | PA 000-206-9723 | 11/22/2017 |
| Jumanji: Welcome to the Jungle | Columbia Pictures Industries, Inc. | PA 000-207-2805 | 1/25/2018 |
| Men In Black II | Columbia Pictures Industries, Inc. | PA 1-089-930 | 7/3/2002 |
| After Earth | Columbia Pictures Industries, Inc. | PA 1-841-452 | 5/31/2013 |
| Heaven is For Real | Columbia Pictures Industries, Inc. | PA 1-889-561 | 4/16/2014 |
| The Finest Hour | Disney Enterprises, Inc. | PA 1-989-069 | 5/27/2016 |
| Desperate Housewives, Season 6, Episode 3 | Disney Enterprises, Inc. | PA 1-657-587 | 10/28/2009 |
| Desperate Housewives, Season 7, Episode 8 | Disney Enterprises, Inc. | PA 1-711-737 | 12/8/2010 |
| Desperate Housewives, Season 8, Episode 5 | Disney Enterprises, Inc. | PA 1-657-587 | 1/9/2012 |
| Grey's Anatomy, Season 1 Episode Pilot | Disney Enterprises, Inc. | PA 1-268-281 | 4/12/2005 |
| Grey's Anatomy, Season 2 Episode 214 | Disney Enterprises, Inc. | PA 1-313-355 | 2/27/2006 |
| Grey's Anatomy, Season 7, Episode 11 | Disney Enterprises, Inc. | PA 1-729-231 | 3/29/2011 |

| Title | Copyright Registrant | Registration Number | Registration Date |
|---|---|---|---|
| Okja | Netflix Studios, LLC | PA 2-069-657 | 9/18/2017 |
| Death Note | Netflix Studios, LLC | PA 2-069-656 | 9/18/2017 |
| The OA, Season 1 Episode 1 | Netflix Studios, LLC | PA 2-029-045 | 1/18/2017 |
| The OA, Season 1, Episode 4 | Netflix Studios, LLC | PA 2-029-047 | 1/18/2017 |
| Stranger Things, Season 2, Episode 5 | Netflix Studios, LLC | PA 2-009-919 | 9/26/2016 |
| Stranger Things, Season 2, Episode 7 | Netflix Studios, LLC | PA 2-009-943 | 9/26/2016 |
| 10 Cloverfield Lane | Paramount Pictures Corporation | PA 1-978-288 | 3/14/2016 |
| Truman Show | Paramount Pictures Corporation | PA 799-052 | 7/20/1998 |
| Star Trek Beyond | Paramount Pictures Corporation | PA 1-994-401 | 7/21/2016 |
| Downsizing | Paramount Pictures Corporation | PA 2-068-615 | 12/22/2017 |
| Breaking Bad, Season 1, Episode 5 | Sony Pictures Television Inc. | PA 1-603-371 | 4/15/2008 |
| Breaking Bad, Season 1, Episode 6 | Sony Pictures Television Inc. | PA 1-603-380 | 4/15/2008 |
| Breaking Bad, Season 3, Episode 1 | Sony Pictures Television Inc. | PA 1-686-571 | 7/9/2010 |

| Title | Copyright Registrant | Registration Number | Registration Date |
|---|---|---|---|
| Breaking Bad, Season 4, Episode 3 | Sony Pictures Television Inc. | PA 1-758-566 | 11/1/2011 |
| Modern Family, Season 1, Episode 22 | Twentieth Century Fox Film Corporation | PA 1-681-553 | 5/28/2010 |
| Modern Family, Season 2, Episode 18 | Twentieth Century Fox Film Corporation | PA 1-735-792 | 4/21/2011 |
| Modern Family, Season 2, Episode 24 | Twentieth Century Fox Film Corporation | PA 1-745-994 | 7/14/2011 |
| American Horror Story, Season 4, Episode 10 | Twentieth Century Fox Film Corporation | PA 1-941-865 | 1/26/2015 |
| American Horror Story, Season 5, Episode 6 | Twentieth Century Fox Film Corporation | PA 1-973-824 | 12/28/2015 |
| Aliens vs. Predator - Requiem | Twentieth Century Fox Film Corporation | PA 1-590-415 | 12/19/2007 |
| The Purge Election Year | Universal City Studios Productions LLLP | PA 1-995-003 | 7/11/2016 |
| Jason Bourne - Action | Universal City Studios Productions LLLP | PA 2-002-679 | 8/8/2016 |
| Law & Order: Special Victims Unit, Season 17, Episode 2 | Universal Cable Productions LLC | PA 1-967-998 | 10/19/2015 |
| Law & Order: Special Victims Unit, Season 17, Episode 12 | Universal Cable Productions LLC | PA 1-975-581 | 2/2/2016 |

| Title | Copyright Registrant | Registration Number | Registration Date |
|---|---|---|---|
| Law & Order: Special Victims Unit, Season 18, Episode 15 | Universal Television LLC | PA 2-041-019 | 4/25/2017 |
| Law & Order: Special Victims Unit, Season 19, Episode 5 | Universal Television LLC | PA 2-080-666 | 11/2/2017 |
| Mr. Robot, Season 1, Episode 1 | Universal Network Television LLC | PA 1-961-149 | 7/14/2015 |
| Mr. Robot, Season 1, Episode 3 | Universal Network Television LLC | PA 1-961-144 | 7/14/2015 |
| Mr. Robot, Season 2, Episode 5 | Universal Cable Productions LLC | PA 2-003-757 | 8/17/2016 |
| Mr. Robot, Season 2, Episode 7 | Universal Cable Productions LLC | PA 2-005-193 | 9/8/2016 |
| Famous in Love, Season 1, Episode 1 | Warner Bros. Entertainment Inc. | PA 2-031-323 | 5/4/2017 |
| Famous in Love, Season 1, Episode 4 | Warner Bros. Entertainment Inc. | PA 2-034-633 | 5/26/2017 |
| Fuller House, Season 1 Episode 1 | Warner Bros. Entertainment Inc. | PA 1-985-460 | 4/26/2016 |
| Fuller House, Season 1 Episode 5 | Warner Bros. Entertainment Inc. | PA 1-985-462 | 4/26/2016 |
| Supergirl, Season 1, Episode 1 | Warner Bros. Entertainment Inc. | PA 1-972-266 | 12/22/2015 |
| Supergirl, Season 2, Episode 8 | Warner Bros. Entertainment Inc. | PA 2-012-798 | 12/13/2016 |