Joseph Shapiro, #277111
jshapiro@strongandhanni.com
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, UT 84111
Telephone: (801) 532-7080
Facsimile: (801) 596-1508

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Amazon Content Services, LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Set Broadcast, LLC, et al.,<br><br>Defendants. | Case No. 2:18-cv-3325 MWF-AS<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT** |

Defendants Set Broadcast, LLC ("Set Broadcast"); Jason Labossiere ("Labossiere"); and Nelson Johnson ("Johnson") (Collectively, "Defendants") hereby answer Plaintiff's Complaint (Docket No. 2) and assert affirmative defenses as follows:

## RESPONSES TO SPECIFIC ALLEGATIONS

The numbering of the following responses corresponds to the numbering of the allegations in Plaintiffs' Complaint. As used herein below, "lacks knowledge or information" indicates that a party "lacks knowledge or information sufficient to for a belief about the truth of an allegation" under Fed. R. Civ. P. 8(b)(5).

## INTRODUCTION

1. Setvnow is no longer available. It is no longer marketed and subscriptions are no longer sold. Admit that Setvnow marketed and sold subscriptions to Setvnow. Admit that the image reproduced in association with paragraph 1 of Plaintiffs' Complaint appears to be a representation of promotional material that may have been used to promote Setvnow, although Set Broadcast does not keep records of all promotional materials used at any time. Admit that Set Broadcast encouraged customers to download and install Setvnow on computers, mobile devices, and other computing devices. Deny remainder.

2. Setvnow is no longer available, and any hardware device (e.g., a "box") associated with Setvnow is also no longer available. Admit that Set Broadcast marketed and sold a hardware box for use, at least in part, with the Setvnow service. As to allegations regarding representations made in Set Broadcast's marketing efforts, Defendants lack knowledge or information. Deny remainder.

3. Deny.

4. Lack knowledge or information regarding user reactions to or assessments of the Setvnow service. Admit that when the Setvnow service was active, users paid money to Set Broadcast. Admit that Set Broadcast has not paid money to Plaintiffs for the Setvnow service. Lack knowledge regarding Plaintiffs' intent in bringing this lawsuit. Deny remainder.

## THE PARTIES

5. Lack knowledge or information.

6. Lack knowledge or information.

7. Lack knowledge or information.

8. Lack knowledge or information.

9. Lack knowledge or information.

10. Lack knowledge or information.

11. Lack knowledge or information.

12. Lack knowledge or information.

13. Lack knowledge or information.

14. Lack knowledge or information.

15. Lack knowledge or information.

16. Lack knowledge or information as to the veracity of the list attached as Exhibit A to Plaintiffs' Complaint.

17. Admit that Set Broadcast, LLC is a Florida limited liability company, and that Set Broadcast's principal address on the records of the Florida Division of

Corporations is 11125 Park Blvd, Ste. 104-148, Seminole, Florida 33772. Admit that Set Broadcast formerly operated a business under the name Setvnow, but that the Setvnow business is no longer active. Admit that Set Broadcast operates the website available at http://www.setvnow.com. Deny remainder.

18. Deny.

19. Deny that Johnson is an employee of Set Broadcast. Admit that Johnson was a manager of Set Broadcast. Deny that Johnson is a resident of Riverview, Florida.

## JURISDICTION AND VENUE

20. Admit.

21. Deny.

22. Deny that Set Broadcast specifically targeted California residents. Admit that Set Broadcast's marketing efforts likely reached some California residents. Admit that in offering support services, Set Broadcast did not consciously or intentionally deny support to California residents. Admit that Set Broadcast has patronized companies with some presence in California. Deny remainder.

23. Admit.

## FACTUAL OVERVIEW

**Plaintiffs and Their Copyrighted Works**

24. Lack knowledge or information.

25. Lack knowledge or information.

4

26. Lack knowledge or information.

27. Lack knowledge or information.

28. Lack knowledge or information.

**Defendants' Inducement of and Contribution to the Infringement of Plaintiffs' Copyrighted Works**

*The Setvnow Experience*

29. Admit that the image reproduced in association with paragraph 29 appears to be Setvnow promotional material. Deny remainder.

30. Admit that under the Setvnow service users purchased a subscription plan and downloaded and installed Setvnow software. The quality of a stream depends on many factors, including Internet connection. Deny remainder.

31. Admit that a Setvnow user used Setvnow software to access media content. Admit that the screenshot reproduced in association with paragraph 31 appears to be a screenshot from Setvnow software. Deny remainder.

32. Admit that the Setvnow software facilitated streaming of captured content, including captured live content, to Setvnow users. Admit that streaming involves formatting operations on the content. Deny remainder.

33. Admit that for on-demand options, Setvnow relied on third-party sources for content. Deny remainder.

34. Admit.

35. Admit that the Setvnow service presented a menu. Admit that the image reproduced in association with paragraph 35 appears to be a representation of a menu provided by the Setvnow service. Deny remainder.

36. Admit that the Setvnow service facilitated selection of a channel. Admit that the Setvnow services provided a "Whats Next" feature in at least some versions. Deny remainder.

37. Admit that, on at least some platforms, the Setvnow service supported full-screen viewing. Lack information as to whether users believed that the Setvnow service provided a "high-quality" experience. Deny remainder.

38. Admit that the Setvnow service provided categorized content options. Deny remainder.

39. Lack knowledge or information.

40. Deny.

*Defendants Intentionally Induce Mass Infringement of Plaintiffs' Copyrighted Works*

41. Deny.

42. Admit that Set Broadcast promoted the convenience and effectiveness of Setvnow. Deny remainder.

43. Admit that Set Broadcast used affiliate, referral, and other influencer paradigms to promote Setvnow. Deny remainder.

6

44. Admit that Set Broadcast periodically updated software associated with the Setvnow service.

45. Admit that, in general, the Setvnow service increased in profitability as subscribership increased. Admit that, under the Setvnow model, Setvnow provided content streaming in exchange for subscription payments. Admit that Setvnow's marketing included a re-seller and affiliate program. Deny remainder.

46. Admit that the Setvnow service was promoted through a referral program. Admit that the image reproduced in association with paragraph 46 appears to be a screenshot from the Setvnow service. Deny remainder.

47. Admit that revenue from Setvnow increases as subscribership increases. Deny remainder.

## FIRST CAUSE OF ACTION

(Intentionally Inducing the Infringement of Plaintiffs' Copyrighted Works, 17 U.S.C. § 106)

48. Defendants' responses to the referenced paragraphs are incorporated herein by reference.

49. Admit that Set Broadcast managed and operated the Setvnow service. Deny remainder.

50. Admit that Set Broadcast managed and operated the Setvnow service, provided software for implementing the Setvnow service, and promoted use of such software. Deny remainder.

7

1  51.  Deny.

2  52.  Deny.

3  53.  Deny.

4  54.  Deny.

5  55.  Deny.

6  56.  Deny.

## SECOND CAUSE OF ACTION

(Contributory Copyright Infringement by Knowingly and Materially Contributing to the Infringement of Plaintiffs' Copyrighted Works, 17 U.S.C. § 106)

57.  Defendants' responses to the referenced paragraphs are incorporated herein by reference.

58.  Deny.

59.  Admit that Set Broadcast managed and operated the Setvnow service. Deny remainder.

60.  Admit that Set Broadcast managed and operated the Setvnow service, provided software for implementing the Setvnow service, and promoted use of such software. Deny remainder.

61.  Deny.

62.  Deny.

63.  Deny.

64.  Deny.

65. Deny.

66. Deny.

## PRAYER FOR RELIEF

1. Deny.

2. Deny.

3. Deny.

4. Deny.

5. Deny.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure.

1. <u>Failure to Mitigate Damages.</u> Plaintiffs failed to mitigate damages.

2. <u>Copyright Abandonment.</u> Plaintiffs' claims are barred to the extent Plaintiffs have forfeited or abandoned copyright or failed to comply with necessary formalities.

3. <u>Innocent Infringement.</u> Damages are limited under 17 U.S.C. § 504(c)(2) because Defendants "were not aware and had no reason to believe that [their] acts constituted an infringement of copyright."

Defendants reserve the right to assert additional affirmative defenses as facts relating to such affirmative defenses come to light.

1   DATED this 18th day of June, 2018.

                                STRONG & HANNI

                                */s/Joseph Shapiro*
                                Joseph Shapiro
                                *Attorneys for Defendantss*