1  KELLY M. KLAUS (State Bar No. 161091)
   kelly.klaus@mto.com
2  ELIZABETH A. KIM (State Bar No. 295277)
   elizabeth.kim@mto.com
3  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue
4  Fiftieth Floor
   Los Angeles, California 90071-3426
5  Telephone:  (213) 683-9100
   Facsimile:   (213) 687-3702
6
   MICHAEL B. DESANCTIS (admitted *pro hac vice*)
7  michael.desanctis@mto.com
   MUNGER, TOLLES & OLSON LLP
8  1155 F Street N.W., Seventh Floor
   Washington, D.C. 20004-1357
9  Telephone:  (202) 220-1100
   Facsimile:   (202) 220-2300
10
   Attorneys for Plaintiffs
11

12

13              UNITED STATES DISTRICT COURT

14     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

| | |
|---|---|
| 16 Amazon Content Services, LLC; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Netflix Studios, LLC; Paramount Pictures Corporation; Sony Pictures Television Inc.; Twentieth Century Fox Film Corporation; Universal City Studios Productions LLLP; Universal Cable Productions LLC; Universal Television LLC; Warner Bros. Entertainment Inc., | Case No. 2:18-CV-03325-MWF (AS) **PLAINTIFFS' MOTION TO COMPEL DEPOSITIONS OF DEFENDANTS JASON LABOSSIERE AND NELSON JOHNSON** **DISCOVERY MATTER** Judge:  Hon. Michael W. Fitzgerald Magistrate Judge: Hon. Alka Sagar |

        Plaintiffs,

   vs.                              Date:  March 26, 2019
                                    Time: 10:00 a.m.
   Set Broadcast, LLC d/b/a Setvnow; Ctrm:  540
   Jason Labossiere; Nelson Johnson, Fact Discovery Cut-off: April 1, 2019
                                    Expert Discovery Cut-off: April 29,
        Defendants.                 2019
                                    Pretrial Conference: July 15, 2019
                                    Trial: August 6, 2019

                                    Filed concurrently with: Declaration of
                                    Michael B. DeSanctis

41245322.3

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 26, 2019, at 10:00 a.m., or as soon thereafter as this matter may be heard in Courtroom 540, 5th Floor, of the above-entitled court located at 255 E. Temple St., Los Angeles, CA, 90012, Plaintiffs Amazon Content Services, LLC, Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Netflix Studios, LLC, Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, and Warner Bros. Entertainment Inc., ("Plaintiffs"), will and hereby do move to compel Defendants Jason Labossiere's and Nelson Johnson's attendance at their depositions.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Michael B. DeSanctis and exhibits thereto filed concurrently herewith.

This Motion is made following Defendant counsel's failure to comply with L.R. 37-1, pursuant to L.R. 37-2.4. *See* Declaration of Michael B. DeSanctis (DeSanctis Decl.) ¶ 7.

DATED:  February 22, 2019            MUNGER, TOLLES & OLSON LLP


                                     By:    */s/ Michael B. DeSanctis*
                                            MICHAEL B. DESANCTIS
                                            Attorneys for Plaintiffs

# I.     <u>INTRODUCTION</u>

Pursuant to Federal Rule of Civil Procedure 37(a) and Local Rule 37-2.4, Plaintiffs Amazon Content Services, LLC, Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Netflix Studios, LLC, Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, and Warner Bros. Entertainment Inc., ("Plaintiffs") respectfully submit this motion to compel Defendants Jason Labossiere's and Nelson Johnson's ("Defendants") attendance at their depositions.  Because defense counsel, Mr. Joseph Shapiro, has refused to meet and confer with Plaintiffs regarding this matter, Plaintiffs have no other option than to file this motion absent a joint stipulation.

Plaintiffs first noticed Labossiere's and Johnson's depositions for October 29, 2018 and October 30, 2018.  Defendants, however, apparently were unavailable on those dates due in part to Defendant Labossiere having been placed under house arrest on unrelated criminal charges.  Plaintiffs thus agreed to reschedule Defendants' depositions.  Ever since then, Defendants have been either unwilling or unable to provide dates on which they are available to be deposed.  Mr. Shapiro most recently responded to Plaintiffs' repeated attempts to discuss the depositions by indicating that he had lost contact with his clients and had not been paid for some time.  He further indicated that he would be withdrawing as counsel by February 12, 2019, and is unable to assist in scheduling his clients' depositions, though to date, no such notice or motion appears to have been filed.  Given Defendants' refusal to schedule their depositions and Mr. Shapiro's refusal or inability to meaningfully engage with Plaintiffs' counsel, Plaintiffs move for an Order compelling Defendants to sit for depositions within 30-days of the issuance of the requested Order.

# II.    <u>BACKGROUND</u>

## A.     <u>Factual Background</u>

Plaintiffs filed their complaint for copyright infringement on April 20, 2018. (Dkt. 1 ("Compl.").)  As set forth in the complaint, Defendants marketed and sold

1  subscriptions to "Setvnow" (also known as "Set TV"), a software application that

2  Defendants urged their customers to use as a tool for the mass infringement of

3  Plaintiffs' copyrighted motion pictures and television shows.  (Compl. ¶¶ 1-4, 29-

4  40.)   Like the defendants in *Universal City Studios Productions LLLP et al. v.*

5  *TickBox TV LLC et al.*, 17-cv-07496-MWF(AS) and *Netflix Studios, LLC et al. v.*

6  *Dragon Media, Inc. et al.*, 18-cv-00230-MWF(AS), there is no question that

7  Defendants here intentionally induced the widespread infringement of Plaintiffs'

8  copyrighted works.

9       Defendants offered their customers high-quality and high-speed streams of

10  infringing content, including "live" premium television channels and motion

11  pictures on demand.

12       Defendants' sale and promotion of Setvnow is flagrantly illegal.  Indeed,

13  judgment has been entered against Defendants in the District Court for the Middle

14  District of Florida, where plaintiffs Dish Network LLC and Nagrastar LLC asserted

15  claims under the Federal Communications Act, 47 U.S.C. § 605(a), based on

16  Defendants' unauthorized "pirating" of the plaintiffs' television programming and

17  illegal streaming of these "pirate streams" via Setvnow.  *See Dish Network LLC v.*

18  *Johnson et al.*, 18-cv-01332-VMC-AAS (M.D. FL.), Dkt. 1 (complaint), 84 (final

19  judgment and permanent injunction against Johnson, Labossiere, and Set Broadcast

20  LLC).

21      **B.**   **Defendants' Repeated Failure to Make Themselves Available for Depositions**

22  

23       On September 28, 2018, Plaintiffs served deposition notices for Labossiere

24  and Johnson on October 29 and 30, 2018, respectively.  On October 19, 2018, only

25  one week before Plaintiffs were scheduled to depose Defendants, defense counsel

26  indicated that "the noticed deposition dates do not work for us," and that "[o]ne

27  significant issue is that Jason Labossiere is currently under house arrest as a result of

28  unrelated criminal charges."  *See* DeSanctis Decl. ¶ 3.  During a telephonic

41245322.3

-4-

1  conference of counsel, defense counsel requested that the depositions be

2  rescheduled for nearly one month later (the third week of November), and explained

3  that this significant delay was necessary because he would have to "go through a

4  process" to acquire permission for Labossiere to attend a deposition outside of his

5  home.  *Id.*  Plaintiffs agreed and attempted to confirm the deposition dates of

6  November 14 and 15, 2018, but to no avail.  When Plaintiffs' counsel requested a

7  meet-and-confer on November 7, 2018, defense counsel responded that he couldn't

8  speak until November 13.

9        Unable to confirm the November 14 and 15 dates with defense counsel,

10  Plaintiffs' counsel again requested that defense counsel provide availability for

11  Defendants' depositions, and Mr. Shapiro indicated that he would confer with his

12  clients regarding having the depositions over a month later, during the week of

13  December 17, 2018.  *Id.* ¶ 4.   Defense counsel then indicated that he and his clients

14  would be available only after January 28, 2019.  *Id.*  Plaintiffs' counsel emailed Mr.

15  Shapiro on January 15, 2019, requesting that Mr. Shapiro confirm deposition dates

16  for after January 28.  Mr. Shapiro responded on January 16, 2019, and explained

17  that his clients had "become pretty unresponsive" and that he was "considering

18  withdrawing on this case."  *Id.* ¶ 5.  Defense counsel requested "a couple of days" to

19  discuss this with his clients, and Plaintiffs' counsel again requested an update on

20  January 22, 2019.  Three days later, defense counsel responded "No updates right

21  now."  *Id.*  Finally, defense counsel indicated that he was no longer being paid by

22  his clients, and would be filing a notice or motion to withdraw as counsel by

23  February 12, 2019, and therefore is unable to assist in scheduling his clients'

24  depositions.  As of the date of this motion, defense counsel has not withdrawn.  *Id.*

25  ¶ 6.  Fact discovery closes on April 1, 2019.

26

27

28

41245322.3

MOTION TO COMPEL DEPOSITIONS
CASE NO. 2:18-CV-03325-MWF (AS)

### C. Defense Counsel's Refusal to Meet and Confer Regarding Defendants' Failure to Agree to Appear for Depositions

As required by Local Rule 37-1, Plaintiffs' counsel attempted to meet and confer with defense counsel, Mr. Shapiro, prior to the filing of this motion. The Rule provides that "[u]nless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) days after the moving party serves a letter ["identify[ing] each issue…in dispute" and] requesting such conference." Plaintiffs' counsel served such a letter on Mr. Shapiro on February 12, 2019. DeSanctis Decl. ¶ 7. Mr. Shapiro has not met and conferred with Plaintiffs' counsel regarding these matters. The service of the Local Rule 37-1 correspondence followed multiple informal attempts by Plaintiffs' counsel to find mutually agreeable dates for Defendants' depositions, to no avail.

As such, Plaintiffs have no choice but to file this motion. As a general matter the "Court will not consider any discovery motion in the absence of a joint stipulation." L.R. 37-2.4. An exception is made however, when a party provides "a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with L.R. 37-1." *Id.* Plaintiffs have provided such a declaration and request the Court grant them the relief sought in this motion. *See* DeSanctis Decl. ¶ 7.

## III. ARGUMENT

"Plaintiff[s] [are] entitled to depose defendants pursuant to Rule 30(a)(1)." *Square D. Co. v. Anderson*, No. S-08-1312, 2009 WL 4281968, at *2 (E.D. Cal. Nov. 24, 2009); *see also* Fed. R. Civ. P. 30(a)(1) ("A party may, by oral questions, depose…a party, without leave of court…."). In spite of Plaintiffs' best efforts, Defendants continue to evade any attempts to schedule their depositions for months. As such, Plaintiffs request that this court compel Defendants to comply with their

41245322.3

-6-

discovery obligations by making themselves available for depositions within 30-days of an Order granting this motion.

Federal Rule of Civil Procedure 37(a)(1) permits "a party [to] move for an order compelling disclosure or discovery."  This Rule "encompasses an order to attend a deposition."  *Sali v. Corona Regional Medical Center*, 884 F.3d 1218, 1222 (9th Cir. 2018); *see Reishus v. Almaraz*, No. CV-10-0760, 2011 WL 676920, at *2 (D. Ariz. Feb. 23, 2011) ("Federal Rule of Civil Procedure 37(a)(1) provides that a party may move for an order compelling the attendance of a party at a deposition upon notice to the other parties."); *see also Hupp v. San Diego Cty.*, No. 12-cv-0492, 2014 WL 1921769, at *3 (S.D. Cal. May 13, 2014) (granting motion to compel deposition because the defendants are "entitled to discover Plaintiff's version of the events in order to properly to evaluate the case and their trial strategy").  Plaintiffs properly noticed Defendants' depositions for October 29 and 30, 2018.  DeSanctis Decl. ¶ 2.  Based on Defendants' apparent unavailability, Plaintiffs have continued to attempt to reschedule these depositions, but Defendants have consistently failed to cooperate.  Under these circumstances, a court order compelling Defendants to appear at depositions within 30-days or less is appropriate.  *See Salazar v. San Bernardino Cnty. Sheriff's Dept.*, No. EDCV 16-2595, 2017 WL 4736701, at *2-3 (C.D. Cal. Oct. 19, 2017) (granting motion to compel appearance at a deposition within 30-days of the order); *see also Faalevao v. Mechem*, No. 1:10-cv-00688, 2011 WL 1883804, at *2 (E.D. Cal. May 17, 2011) (granting motion to compel deponent's appearance at deposition after deponent attempted to delay deposition by three months).

Nor does defense counsel's asserted breakdown in the relationship with his clients excuse Defendants' failure to sit for depositions.  *See Roz v. Nestle Waters N. Am. Inc.*, No. CV 16-4418, 2017 WL 6940512, at *1 (C.D. Cal. June 21, 2017).  In *Roz*, for example, the court granted a motion to compel the deposition of a deponent who "refused to give alternate dates" after "indicat[ing] unavailability on the noticed

date." *Id.*  The deponent had suffered an "irremediable breakdown in the relationship" with his counsel, and counsel asserted that he "no longer represents [deponent] and [deponent] no longer returns his calls." *Id.*  Despite this apparent breakdown, the *Roz* court saw "no reason why it should not grant … [the] Motion to Compel." *See also Salazar*, 2017 WL 4736701, at *2-3 (granting motion to compel deposition where deponent's counsel claimed he was unable to reach deponent).

Plaintiffs respectfully request that the Court enter the proposed order granting Plaintiffs' motion to compel Defendants' appearance at depositions within 30-days of this Court's order.

DATED:  February 22, 2019            Respectfully submitted,

MUNGER, TOLLES & OLSON LLP


By:   ___/s/ Michael B. DeSanctis___
      MICHAEL B. DESANCTIS
      Attorneys for Plaintiffs

41245322.3

-8-