UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Amazon Content Services, LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>Set Broadcast, LLC, et al.,<br><br>Defendants. | Case No. 2:18-cv-3325 MWF-AS<br><br>**ORDER GRANTING CORRECTED MOTION FOR WITHDRAWAL OF JOSEPH SHAPIRO AS COUNSEL FOR DEFENDANTS** |

Before the Court is counsel Joseph Shapiro's Corrected Motion for Withdrawal of Joseph Shapiro as Counsel for Defendants (the "Motion"), filed on March 11, 2019. (Docket No. 40). The Court held a telephonic hearing on the Motion on April 1, 2019.

Having considered the arguments and papers submitted, and finding good cause, the Court hereby **GRANTS** the Motion.

Mr. Shapiro shall serve the Motion on Defendants and file a proof of service within five (5) court days of the filing of this Order.  After filing the proof of service, Mr. Shapiro is **GRANTED LEAVE** to withdraw and will be deemed withdrawn as counsel of record.  The docket shall reflect the withdrawal.

The action is **STAYED** until **May 13, 2019**, to permit Defendants to file notice with the Court that they have retained new counsel.

In the case of Defendant Set Broadcast, LLC ("Set Broadcast"), Set Broadcast cannot proceed *pro se* in this action.  The basic rule is that a corporation must appear in federal court through counsel.  *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 201-02 (1993) (only natural persons may proceed *in forma pauperis* because, *inter alia*, organizations need a lawyer in federal court); *Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 7362740, at *2 (S.D. Cal. Mar. 27, 2017) (explaining that an LLC may not proceed without counsel).  The Court therefore **ORDERS** Set Broadcast **TO SHOW CAUSE**, *in writing*, by no later than **May 13, 2019**, why the Answer filed on June 18, 2018, should not be stricken for failure to retain counsel.  Should Set Broadcast fail to respond to the OSC by the above date, Plaintiffs shall then apply for entry of default by no later than **May 20, 2019**, and shall move for default judgment within ten (10) days of entry of default by the Clerk.

In the case of Defendants Jason Labossiere and Nelson Johnson, when an attorney of record ceases to represent individuals, as here, the individuals must appear *pro se* or appoint another attorney by a signed substitution of attorney form. L.R. 83-2.3.3. If the individual Defendants fail to retain counsel by **May 13, 2019**, then they should be prepared for the case to go forward representing themselves. As indicated at the hearing, after May 13, 2019, Plaintiffs may file a renewed motion to compel depositions of the Individual Defendants.

**IT IS SO ORDERED.**

Dated: April 17, 2019.

_____
MICHAEL W. FITZGERALD
United States District Judge