UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  **CV 18-3325 MWF (ASx)**                                         Date: May 31, 2019

Title      **Amazon Content Services, LLC, et al. v. Set Broadcast, LLC, et al.**

Present: The Honorable:      MICHAEL W. FITZGERALD, United States District Judge

|  Rita Sanchez  |  Not Reported  |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants:
Not Present                                                    Not Present

**Proceedings:  (IN CHAMBERS) DISCLOSURE TO THE PARTIES**

In this Disclosure, the Court explains why the Court is not disqualifying itself from this case. ("Disqualification" is the statutory term for recusal.)  The Court's spouse owned one share of stock (AMZN) in Amazon.com, Inc. ("Amazon") from September 28, 2018 to May 20, 2019; 14 shares of stock (DIS) in The Walt Disney Co. ("Disney") from September 28, 2018 to February 7, 2019, and then owned 12 shares from April 25, 2019, to May 20, 2019; and four shares of stock (NFLX) in Netflix, Inc. ("Netflix") from September 28, 2018 to May 20, 2019.  On April 17, 2019, the Court granted a Motion for Withdrawal of Joseph Shapiro as Counsel for Defendants.  (Motion, Docket No. 40; Order, Docket No. 45).  On May 20, 2019, Plaintiffs filed an Application for Clerk to Enter Default (Docket Nos. 47 and 48); the Clerk issued default on May 28, 2019.  (Docket No. 49).  An Order to Show Cause Re Default Judgment is set for July 1, 2019.  (Docket No. 50).

Disqualification is governed by 28 U.S.C. § 455.  The statute is incorporated into the Code of Conduct for United States Judges through Canon 3C.  The Committee on Codes of Conduct has given public guidance on Canon 3C in Advisory Opinion No. 20 (Disqualification Based on Stockholdings by Household Family Member) and No. 69 (Removal of Disqualification by Disposal of Interest).

Disqualification is required if a judge "knowingly" has "a financial interest in the subject matter in controversy…."  28 U.S.C. § 455(b)(4).  The holdings of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 18-3325 MWF (ASx)**                                      Date: May 31, 2019

Title         **Amazon Content Services, LLC, et al. v. Set Broadcast, LLC, et al.**

the judge's spouse are imputed to the judge. *Id.* A "financial interest" is defined as "ownership of a legal or equitable interest, however small…." 28 U.S.C. § 455(d)(4). Disqualification because of a financial interest is mandatory and cannot be remitted by the parties. 28 U.S.C. § 455(e).

However, even this mandatory disqualification can be avoided if the judge or spouse divests himself or herself of the shares, as follows:

> Notwithstanding the provisions of this section, if any justice, judge, magistrate judge, or bankruptcy judge to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after he matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest could be substantially affected by the outcome), disqualification is not required if the justice, judge, magistrate judge, bankruptcy judge, spouse or minor child, as the case may be divests himself or herself of the interest that provides the grounds for the disqualification.

28 U.S.C. § 455(f).

Advisory Opinion No. 69 clarifies that the "[t]he key inquiry is not the size of the interest, but the size of the impact on the interest." In other words, the outcome of the case must not have affected the share price of the stock. Advisory Opinion No. 69 states that, in some circumstances, the willingness to divest might give rise to an appearance of impropriety, although the likelihood of such an appearance is remote. Finally, Advisory Opinion No. 69 directs that the circumstances relating to the divestment be disclosed to the parties and placed on the record.

The Court therefore makes the following disclosure:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   **CV 18-3325 MWF (ASx)**                                             Date:  May 31, 2019

Title            **Amazon Content Services, LLC, et al. v. Set Broadcast, LLC, et al.**

      On May 11, 2019, I reviewed certain documents that indicated that my husband's financial advisor had purchased on my husband's behalf certain shares of individual stocks instead of shares of mutual funds, as had always been the case. On May 13, 2019, I confirmed that the financial advisor had purchased certain individual stocks.  My husband requested all the records of those purchases and sales.  Based on those records, as I indicated above, the financial advisor purchased one share of stock (AMZN) in Amazon on September 28, 2018; 14 shares of stock (DIS) in Disney on September 28, 2018 (that were sold on February 7, 2019), and 12 shares on April 25, 2019; and four shares of stock (NFLX) in Netflix on September 28, 2018.  My husband directed that the Amazon, Disney and Netflix shares be sold, and that sale took place on May 20, 2019.

      My husband was unaware that he owned shares of Amazon, Disney and Netflix stock, or any other particular stock, and I was unaware that he owned any shares outside of shares in mutual funds.  I did not know that he owned any shares of Amazon, Disney and Netflix stock.

      In this case, the Court believes that disqualification is neither necessary nor desirable.  The Court was unaware of the purchases of the shares when they occurred.  The shares were divested under § 455(f).  The Court does not view this single matter as plausibly affecting the market price of Amazon, Disney or Netflix stock.

      Initials of Preparer:  RS/sjm