1  KELLY M. KLAUS (State Bar No. 161091)
   kelly.klaus@mto.com
2  ELIZABETH A. KIM (State Bar No. 295277)
   elizabeth.kim@mto.com
3  MUNGER, TOLLES & OLSON LLP
   350 South Grand Avenue
4  Fiftieth Floor
   Los Angeles, California 90071-3426
5  Telephone:  (213) 683-9100
   Facsimile:   (213) 687-3702
6
   Attorneys for Plaintiffs
7

8

9

10

11

12

13                 UNITED STATES DISTRICT COURT

14       CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

16  Amazon Content Services, LLC;          Case No. 2:18-CV-03325-MWF (AS)
    Columbia Pictures Industries, Inc.;
17  Disney Enterprises, Inc.; Netflix      **PLAINTIFFS' NOTICE OF**
    Studios, LLC; Paramount Pictures       **MOTION AND MOTION FOR**
18  Corporation; Sony Pictures Television  **DEFAULT JUDGMENT AGAINST**
    Inc.; Twentieth Century Fox Film       **DEFENDANT SET BROADCAST,**
19  Corporation; Universal City Studios    **LLC D/B/A SETVNOW**
    Productions LLLP; Universal Cable
20  Productions LLC; Universal Television
    LLC; Warner Bros. Entertainment Inc.,  Judge:  Hon. Michael W. Fitzgerald
21
              Plaintiffs,                  Date:    July 29, 2019
22                                         Time:    10:00 a.m.
         vs.                               Ctrm:    5A
23
    Set Broadcast, LLC d/b/a Setvnow;
24  Jason Labossiere; Nelson Johnson,      Filed concurrently:
                                             Declaration of Jan van Voorn
25            Defendants.                     Declaration of Elizabeth A. Kim
                                             [Proposed] Order
26

27

28

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION .................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 2

I.    INTRODUCTION ................................................................................................ 2

II.   BACKGROUND .................................................................................................. 2

      A.    Factual Background ................................................................................. 2

      B.    Procedural Background ........................................................................... 4

III.  ARGUMENT ....................................................................................................... 5

      A.    Legal Standard ........................................................................................ 5

      B.    Plaintiffs Have Satisfied the Procedural Requirements for Default Judgment .......... 6

      C.    The *Eitel* Factors Favor Entry of Default Judgment ............................. 7

            1.    Plaintiffs Will Suffer Prejudice Absent Entry of Default Judgment ............. 7

            2.    The Merits of Plaintiffs' Claims and Sufficiency of the Complaint Weigh in Favor of Default Judgment ......... 7

            3.    The Sum of Money at Stake is Proportional to the Harm ............................ 9

            4.    There Is No Possibility of Dispute Regarding Material Facts .................... 10

            5.    There Is No Possibility of Excusable Neglect ......................................... 11

            6.    The Policy for Decisions on the Merits Does Not Preclude Default Judgment ......... 11

      D.    Plaintiffs Are Entitled to All of Their Requested Relief ........................ 11

            1.    Plaintiffs' Request for Statutory Damages for Willful Copyright Infringement Is Reasonable ......... 11

                  (a)    Willfulness ...................................................................... 12

                  (b)    Number of Registered Works ......................................... 12

                  (c)    The Statutory Maximum Is Proportional to the Harm Inflicted by Set Broadcast ......... 13

                  (d)    Plaintiffs Are Entitled to a Permanent Injunction ......... 14

                  (e)    Post-Judgment Interest ................................................... 17

IV.   CONCLUSION .................................................................................................. 17

-i-

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**FEDERAL CASES**

*A&M Records, Inc. v. Napster, Inc.,*
239 F.3d 1004 (9th Cir. 2001).................................................................12

*Am. Broad. Cos., Inc. v. Aereo, Inc.,*
573 U.S. 431 (2014) .................................................................14

*Canadian Lumber Trade Alliance v. United States,*
441 F. Supp. 2d 1259 (CIT 2006) .................................................................21

*China Cent. Tele. v. Create New. Tech. (HK) Ltd.,*
2015 WL 12732432 (C.D. Cal. Dec. 7, 2015) ...........................................12, 15, 19

*Columbia Pictures Indus., Inc. v. Fung,*
710 F.3d 1020 (9th Cir. 2013).................................................................13, 14

*Disney Enter. v. VidAngel,*
869 F.3d 848 (9th Cir. 2017).................................................................21

*Eitel v. McCool,*
782 F.2d 1470 (9th Cir. 1986) ................................................................. 11, passim

*Graduate Mgmt. Admission Council v. Raju,*
267 F. Supp. 2d 505 (E.D. Va. 2003).................................................................18

*Harper & Row Publishers, Inc. v. Nation Enters.,*
471 U.S. 539 (1985) .................................................................18

*Jackson v. Sturkie,*
255 F. Supp. 2d 1096 (N.D. Cal. 2003) .................................................................16

*L.A. News Serv. v. Reuters Tele. Int'l, Ltd.*
149 F.3d 987 (9th Cir. 1998).................................................................17

*Lava Records, LLC v. Ates,*
2006 WL 1914166 (W.D. La. July 11, 2006) .................................................................21

*MAI Systems Corp. v. Peak Computer, Inc.,*
991 F.2d 511 (9th Cir. 1993).................................................................19

*Mavrix Photo, Inc. v. Brand Techs., Inc.,*
647 F.3d 1218 (9th Cir. 2011).................................................................11

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,*
518 F. Supp. 2d 1197 (C.D. Cal. 2007).................................................................19, 20, 21

# TABLE OF AUTHORITIES
### (Continued)

**Page(s)**

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
  545 U.S. 913 (2005) ............................................................................13, 14, 19, 20

*Netflix Studios, LLC et al. v. Dragon Media, Inc. et al.*
  (18-CV-00230-MWF) (No. 17-cv-07496-MWF) ...................................................7

*O'Reilly v. Valley Ent'mt, Inc.*,
  2011 WL 13258234 (N.D. Cal. Jan. 4, 2011) ...............................................11, 12

*PepsiCo, Inc. v. California Sec. Cans*,
  238 F. Supp. 2d 1172 (C.D. Cal. 2002)...............................................10, 12, 14, 15

*Perfect 10, Inc., v. Talisman Comm. Inc.*,
  2000 WL 364813 (C.D. Cal. Mar. 27, 2000) .....................................................18

*Philip Morris USA, Inc. v. Castworld Prods., Inc.*,
  219 F.R.D. 494 (C.D. Cal. 2003) .......................................................................15

*Star Fabrics, Inc. v. 3Free NYC, Inc.*,
  2013 WL 12124095 (C.D. Cal. Dec. 9, 2013) ..................................................12

*United Fabrics Int'l, Inc. v. C&J Wear, Inc.*,
  630 F.3d 1255 (9th Cir. 2011)............................................................................13

*Universal City Studios Productions LLLP et al. v. TickBox TV LLC et al.*,
  2018 WL 1568698.......................................................................7, 14, 19, 21

*Walt Disney Co. v. Powell*,
  897 F.2d 565 (D.C. Cir. 1990) ...........................................................................19

*Warner Bros. Ent'mt Inc. v. Caridi*,
  346 F. Supp. 2d 1068 (C.D. Cal. 2004)......................................................16, 17, 18

*Warner Bros. Entm't Inc. v. WTV Sys., Inc.*,
  824 F. Supp. 2d 1003 (C.D. Cal. 2011)......................................................14, 18, 21

*WPIX, Inc. v. ivi, Inc.*,
  691 F.3d 275 (2d Cir. 2012) .............................................................................14

**FEDERAL STATUTES**

17 U.S.C. § 106 ....................................................................................................12, 13

17 U.S.C. § 410(c).....................................................................................................13

17 U.S.C. § 501(b) .....................................................................................................12

-iii-

1

## TABLE OF AUTHORITIES
### (Continued)

2
**Page(s)**

3
17 U.S.C. § 502(a)...............................................................................................19

4
17 U.S.C. § 504(c)(1)-(2) ..........................................................................14, 16

5
28 U.S.C. §§ 1331, 1338(a)................................................................................12

6
28 U.S.C. § 1961(a).............................................................................................22

7
**FEDERAL RULES**

8
Fed. R. Civ. P 55(a)............................................................................................10

9
Fed. R. Civ. P 55(b)............................................................................................10

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NOTICE OF MOTION

#### TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 29, 2019, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 5A of the above-captioned Court, located at 350 West First Street, Los Angeles, California, 90012, Plaintiffs Amazon Content Services, LLC, Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Netflix Studios, LLC, Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, and Warner Bros. Entertainment Inc., ("Plaintiffs") will and hereby do move pursuant to Federal Rule of Civil Procedure 55(b)(2) for Default Judgment against Defendant Set Broadcast, LLC d/b/a Setvnow.

This motion is based on this Notice of Motion and Motion; the attached Memorandum of Points and Authorities; the accompanying Declarations of Jan van Voorn and Elizabeth A. Kim; the pleadings and papers on file in this action; and any further evidence or argument that may be presented to the Court at or prior to the submission of this motion.

DATED:  June 28, 2019                    MUNGER, TOLLES & OLSON LLP


By:   _/s/ Kelly M. Klaus_____
KELLY M. KLAUS
Attorneys for Plaintiffs

-1-
PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT AGAINST SET BROADCAST
CASE NO. 2:18-CV-03325-MWF (AS)

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiffs ask the Court to enter a default judgment against Defendant Set Broadcast, LLC d/b/a Setvnow ("Set Broadcast") pursuant to Federal Rule of Civil Procedure 55(b)(2).  Set Broadcast has failed to respond to this Court's April 17, 2019 Order to Show Cause as to why its Answer filed on June 18, 2018 should not be stricken for failure to retain counsel.  ECF Dkt. 45.  Pursuant to the Court's April 17, 2019 Order, Plaintiffs submitted an application for entry of default against Set Broadcast to the Clerk of the Court on May 20, 2019.  ECF Dkt. 47.  The Clerk entered default against Set Broadcast on May 28, 2019.  ECF Dkt. 49.

Set Broadcast has failed to retain counsel for over two months.  During that same time period, Set Broadcast has failed to respond to the Court's April 17, 2019 Order, failed to participate in this litigation, and failed to respond to the Clerk's May 28, 2019 entry of default.  Settled law permits entry of default against willful infringers like Set Broadcast in these circumstances.  Plaintiffs therefore respectfully request that the Court enter default judgment against Set Broadcast.

## II.   BACKGROUND

### A.   Factual Background

Set Broadcast is an illegal infringer that promised customers they could "Stream over 500 live channels" of television and "Thousands of On Demand entertainment options" for "only $20/month."  Compl. ¶ 1.  Like the defendants in *Universal City Studios Productions LLLP et al. v. TickBox TV LLC et al.*, 2018 WL 1568698 (No. 17-cv-07496-MWF), and *Netflix Studios, LLC et al. v. Dragon Media, Inc. et al.*, (18-CV-00230-MWF), Set Broadcast encouraged widespread infringement through unauthorized Internet streams of movies and television shows

by enabling its customers to find high-quality, high-speed, reliable—but completely illegal—content sources.



*See* Declaration of Elizabeth A. Kim ("Kim Decl.") ¶ 7, Ex. 1.

Whether Set Broadcast's customers preferred a pre-loaded "box," i.e., a computer hardware device that a customer could "plug-and-play," or a monthly subscription to the "Setvnow service," Set Broadcast offered illegal access to streams of Plaintiffs' Copyrighted Works.  The Setvnow service provided customers with a built-in media player, curated menus of live television channels, and on-demand streams of movies and television shows.  Compl. ¶ 31.  As shown below, the Setvnow user interface provided simple click-to-play options for streaming infringing content, including "TV" and "VOD," i.e., video-on-demand.



1  Kim Decl. ¶ 8, Ex. 2.

2       If the customer chose the "VOD" option, the Setvnow service would present

3  him or her with a selection of hundreds of titles, including movies still in theaters.

4  Set Broadcast's customers used the Setvnow service for its intended and

5  unquestionably infringing purposes, most notably to obtain immediate, unrestricted,

6  and unauthorized access to unauthorized streams of Plaintiffs' Copyrighted Works.

7  Compl. ¶¶ 39-40.

8       As set forth in the accompanying Declaration of Jan van Voorn ("van Voorn

9  Decl."), investigators using the Setvnow service searched for and found links to

10  each and every one of the 51 Copyrighted Works listed in Exhibit A to the

11  Complaint.  Van Voorn Decl. ¶¶ 4-6.  The investigators confirmed that the links

12  Setvnow returned unauthorized streams of each of the 51 Copyrighted Works listed

13  in Exhibit A to the Complaint.  *Id.* ¶ 6.

14       **B.**     **Procedural Background**

15       Plaintiffs filed their Complaint on April 20, 2018.  ECF Dkt. 1.  Set Broadcast

16  retained counsel, and pursuant to stipulation, filed an Answer on June 19, 2018,

17  ECF Dkt. 18.  The parties exchanged some initial discovery.  They also had

18  preliminary settlement discussions but these went nowhere.  Plaintiffs ultimately

19  had to move to compel the depositions of Defendants Jason Labossiere and Nelson

20  Johnson, the owner-and-operator of Set Broadcast and former authorized manager

21  of Set Broadcast, respectively.  ECF Dkt. 22.  Then, on February 25, 2019, Joseph

22  Shapiro, counsel for all Defendants moved to withdraw.  ECF Dkt. 34.  The Court

23  denied Mr. Shapiro's motion to withdraw without prejudice, ECF Dkt. 39, but

24  granted his corrected motion to withdraw on April 17, 2019, ECF Dkt. 45.

25       In the Order granting the motion to withdraw, the Court stayed this action

26  until May 13, 2019, to permit Defendants to file a notice with the Court that they

27  had retained new counsel.  ECF Dkt. 45 at 2.  With respect to Set Broadcast, the

28  Court explained that corporations may not proceed *pro se*, and ordered Set

-4-

Broadcast "to show cause, in writing, by no later than May 13, 2019, why the Answer filed on June 18, 2018, should not be stricken for failure to retain counsel." *Id*. The Court further directed Plaintiffs to apply for entry of default by May 20, 2019, should Set Broadcast fail to respond to the Court's Order to Show Cause.

Set Broadcast failed to respond to the Court's Order to Show Cause. On May 20, 2019, Plaintiffs applied to the Clerk for entry of default, ECF Dkt. 47, and the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) on May 29, 2019, ECF Dkt. 49. On May 30, 2019, the Court issued an Order to Show Cause re Default Judgment, setting a hearing for July 1, 2019, at 11:30 a.m. ECF Dkt. 50. Pursuant to that Order, Plaintiffs submit this motion for default judgment.

## III.   ARGUMENT

### A.   Legal Standard

Granting default judgment is within the Court's discretion. *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). The Court may enter default judgment following the entry of default by the Clerk of the Court. Fed. R. Civ. P 55(b); *PepsiCo*, 238 F. Supp. 2d at 1174. "Upon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true, with the exception of the allegations as to the amount of damages." *PepsiCo*, 238 F. Supp. 2d at 1175. The Court may hold hearings to conduct an accounting, determine the amount of damages, establish the truth of any allegation, or investigate any other matter. Fed. R. Civ. P. 55(b).

In the Ninth Circuit, a court may consider the following factors in considering whether to enter default judgment:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy

underlying the Federal Rules of Civil Procedure favoring decisions on the merits

*Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The weight of these factors compel the entry of default judgment against Set Broadcast in this case.

## B.    <u>Plaintiffs Have Satisfied the Procedural Requirements for Default Judgment</u>

In compliance with Local Rule 55-1, Plaintiffs' motion for default judgment is supported by the Kim Declaration, which establishes that:

- The Clerk entered default against Set Broadcast on May 28, 2019.  Kim Decl. ¶ 2; ECF Dkt. 49.

- Default was entered as to the Complaint.  Kim Decl. ¶ 2; ECF Dkt. 49.

- As a corporate entity. Set Broadcast is not an infant, incompetent person, or subject to the Servicemembers Civil Relief Act.  Kim Decl. ¶ 3.

- Plaintiffs have served the Notice of Motion and Motion for Default Judgment on Set Broadcast.  Kim Decl. ¶ 4.

This Court has jurisdiction to enter judgment in this matter.  Taking the Complaint's well-pleaded allegations as true, the Court has personal jurisdiction because Set Broadcast has purposefully consummated transactions with residents of California and purposefully availed itself of the benefits of the forum District by conducting activities here.  Plaintiffs' claims arise from Set Broadcast's forum-related activities, including openly encouraging its customers in California to obtain streams of infringing content and using Plaintiffs' or their affiliates' trademarks for television channels to demonstrate the range of available infringing content.  Set Broadcast induced the infringement of Plaintiffs' Copyrighted Works with the knowledge and intent that its activities would cause significant harm in California—the locus of most of Plaintiffs' production and distribution operations.  Compl. ¶¶ 21-22.  Exercise of jurisdiction is therefore reasonable.  *See Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1230-31 (9th Cir. 2011); *see also O'Reilly v. Valley Ent'mt, Inc.*, 2011 WL 13258234, at *2-4 (specific jurisdiction over

infringing defendant reasonable in default judgment) (N.D. Cal. Jan. 4, 2011), *adopted by*, 2011 WL 13260734 (N.D. Cal. Feb. 16, 2011).

The Court also has subject-matter jurisdiction over this action, as Plaintiffs' claims arise under the federal Copyright Act.  *See* 28 U.S.C. §§ 1331, 1338(a), and 17 U.S.C. § 501(b).

### C.   The *Eitel* Factors Favor Entry of Default Judgment

#### 1.   Plaintiffs Will Suffer Prejudice Absent Entry of Default Judgment

Pursuant to the Court's April 17, 2019 Order to Show Cause, Set Broadcast's Answer has been stricken and it has not participated in the litigation since its counsel withdrew.  Without a default judgment, Plaintiffs will be deprived of any remedy for the injuries Plaintiffs have sustained from Set Broadcast's widespread infringement.  *See Star Fabrics, Inc. v. 3Free NYC, Inc.*, 2013 WL 12124095, at *2 (C.D. Cal. Dec. 9, 2013) (first factor favors plaintiff where it would otherwise be unable to recover damages from infringer); *see also China Cent. Tele. v. Create New. Tech. (HK) Ltd.*, No. CV 15-01869 MMM (AJWx), 2015 WL 12732432, at *8 (C.D. Cal. Dec. 7, 2015) (same).  The first *Eitel* factor weighs in favor of default judgment.

#### 2.   The Merits of Plaintiffs' Claims and Sufficiency of the Complaint Weigh in Favor of Default Judgment

The second and third *Eitel* factors require that Plaintiffs "state a claim on which [they] may recover."[1]  *PepsiCo*, 238 F. Supp. 2d at 1175.  To state copyright infringement claims, Plaintiffs need only (1) "show ownership" and (2) a violation of "at least one exclusive right" under 17 U.S.C. § 106.  *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001).  Plaintiffs satisfy both requirements.

---

[1] Unless otherwise noted, internal quotation marks have been omitted.

**Ownership**:  Plaintiffs' ownership of their Copyrighted Works is uncontroverted.  Exhibit 55 to the accompanying Kim Declaration includes a representative list of Copyrighted Works that were infringed through the Setvnow service and Exhibits 4-54 are certificates of registration issued by the Copyright Office for each Work.  These certificates create a presumption of copyright validity and ownership.  17 U.S.C. § 410(c); *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630 F.3d 1255, 1257 (9th Cir. 2011).

**Violation of Plaintiffs' Exclusive Right Under Copyright**:  Set Broadcast intentionally induced the infringement of Plaintiffs' Copyrighted Works, specifically, the infringement of their exclusive right of public performance, 17 U.S.C. § 106(4).  ECF Dkt. 1.  Under the Supreme Court's decision in *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd*., 545 U.S. 913, 936-37 (2005), a party that distributes a product "with the object of promoting its use to infringe copyright, as shown by clear expression or other affirmative steps taken to foster infringement, is liable for the resulting acts of infringement by third parties."  A plaintiff establishes inducement liability in the Ninth Circuit liability by showing: "(1) distribution of a device or product [by defendant], (2) acts of infringement [by third parties], (3) an object [of the defendant] of promoting [the device's or product's] use to infringe copyright, and (4) causation."  *Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1032 (9th Cir. 2013) (citing *Grokster*, 545 U.S. at 936-37).  The Complaint pleads all four elements.

*First*, Set Broadcast distributed and sold the Setvnow service that enabled and encouraged the infringement of Plaintiffs' public performance right.  Compl. ¶¶ 1-4, 28-45, 49-50, 58-60; van Voorn Decl. ¶¶ 4-6; *see Fung*, 710 F.3d at 1033 ("services available on the Internet" provides a basis for inducement liability).

*Second*, Set Broadcast's objective in distributing the Setvnow service was to facilitate third parties' unauthorized streaming, i.e., public performance, of Plaintiffs' Copyrighted Works.  Compl. ¶¶ 1-4, 29, 41-47.  Set Broadcast thereby

induced the direct infringement of Plaintiffs' public performance right.  *See TickBox TV LLC*, 2019 WL 1568698, at *9-10 (citing *Am. Broad. Cos., Inc. v. Aereo, Inc.*, 573 U.S. 431, 446-47 (2014) (service that made Internet streams of content performed publicly)); *see also, e.g.*, *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 278 (2d Cir. 2012) ("undisputed" that defendant's Internet streaming of television programs infringed public performance right); *Warner Bros. Entm't Inc. v. WTV Sys., Inc.*, 824 F. Supp. 2d 1003, 1010 (C.D. Cal. 2011) ("*Zediva*") (Internet streaming of movies and television shows from remote DVD players to users is a public performance).

*Third*, Set Broadcast knowingly distributed the Setvnow service "with the object of promoting its use to infringe copyright."  *Fung*, 710 F.3d at 1034 (quoting *Grokster*, 545 U.S. at 936-37).  Set Broadcast encouraged its customers to use the service to obtain infringing streams of, among other things, "new movies, new releases," "Netflix exclusive shows," and "on-demand television shows and movies that you were looking for."  Compl. ¶¶ 41-43.

*Fourth*, the causation requirement is satisfied.  "[I]f one provides a service that could be used to infringe copyrights, with the manifested intent that the service actually be used in that manner, that person is liable for the infringement that occurs through the use of the service."  *Fung*, 710 F.3d at 1037.  Set Broadcast distributed and promoted the Setvnow service for infringing uses, and third parties predictably engaged in precisely that infringement.

### 3.     *The Sum of Money at Stake is Proportional to the Harm*

This factor considers the "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct.  *Eitel* factor also weighs in favor of default judgment.  *PepsiCo, Inc.*, 238 F.Supp.2d at 1176.  As discussed *infra*, Plaintiffs seek an award of $7,650,000 in statutory damages, i.e., the statutory maximum of $150,000 for Set Broadcast's inducement of the infringement of each of the 51 Copyrighted Works listed in Exhibit A to the Complaint.  See 17 U.S.C.

-9-

§ 504(c)(1)-(2) (range of damages for willful copyright infringement is $750-$150,000 per work infringed).  The amount is significant, to be sure.  But it represents only a fraction of the harm Set Broadcast willfully and intentionally inflicted upon Plaintiffs.

As noted, Plaintiffs' investigators used the Setvnow service to search for and obtain unauthorized streams of each of the Works listed in Exhibit A.  *See* van Voorn ¶¶ 4-6.  Set Broadcast had over 260,000 monthly subscribers.  *See* Kim Decl. ¶ 9.  A significant percentage of those subscribers undoubtedly accessed unauthorized streams of some or all of those same Works, meaning Set Broadcast's inducement of the Works was on a mass scale.

Moreover, the 51 Copyrighted Works are representative only, and constitute the tip of the iceberg of infringements Set Broadcast intentionally induced.  Considering the sheer volume of unauthorized content available on the Setvnow service, its advertised (and actual) availability round-the-clock, and Set Broadcast's 260,000 monthly users—Set Broadcast infringed Plaintiffs' Copyrighted Works willfully, flagrantly, and on a massive scale.  Under these circumstances, courts have found significantly larger sums of money to be proportional and reasonable.  *See China Cent. Tele.*, 2015 WL 12732432, at *14 (finding $55,460,691 award reasonable and citing cases).

### 4.   There Is No Possibility of Dispute Regarding Material Facts

A defendant's failure to respond to a complaint indicates that "the likelihood that any genuine issue may exist is, at best, remote."  *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 500 (C.D. Cal. 2003).  As default has been entered against Set Broadcast, there is no possible dispute concerning the material facts because the factual allegations of Plaintiffs' complaint are taken as true.  *PepsiCo*, 238 F. Supp. 2d at 1177.  This *Eitel* factor also weighs in favor of default judgment.

### 5.   *There Is No Possibility of Excusable Neglect*

There are no facts to suggest that Set Broadcast's failure to respond to the Court's April 17, 2019 Order to Show Cause or the Clerk's May 19, 2019 entry of default resulted from excusable neglect.  Set Broadcast has failed to comply with the Court's Order, failed to retain new counsel following the withdrawal of its former counsel, failed to file a new Answer, and otherwise failed to participate in this litigation.

### 6.   *The Policy for Decisions on the Merits Does Not Preclude Default Judgment*

The final *Eitel* factor considers the preference for deciding cases on the merits, *see Eitel*, 782 F.2d at 1471-72, but "this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered," *Warner Bros. Ent'mt Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004).  Set Broadcast's default is the reason there can be no decision on the merits.  This factor should not reward Set Broadcast's refusal to satisfy its obligations to this Court and to Plaintiffs.

### D.   <u>Plaintiffs Are Entitled to All of Their Requested Relief</u>

### 1.   *Plaintiffs' Request for Statutory Damages for Willful Copyright Infringement Is Reasonable*

The Copyright Act authorizes statutory damages of $750 to $30,000 per infringed work, and enhanced statutory damages of up to $150,000 per infringed work for willful infringement.  17 U.S.C. § 504(c)(1)-(2). "Statutory damages are particularly appropriate in a case . . . in which defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiffs actual damages."  *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003).

"Because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by

-11-

defendant" in order to deter future infringement.  *L.A. News Serv. v. Reuters Tele. Int'l, Ltd.* 149 F.3d 987, 996 (9th Cir. 1998).  Here, an award of $7,650,000 reflects the statutory maximum of $150,000 for each of the 51 representative works infringed by Set Broadcast.  That award would serve the most fundamental purposes of statutory damages: compensation, punishment, and deterrence.  Though this amount cannot compare to the harm caused by the widespread infringement of Plaintiffs' Copyrighted Works, the magnitude of this award will serve as a deterrent to other wrongdoers.

### (a)    Willfulness

As pled in the Complaint, Set Broadcast willfully induced the infringement of Plaintiffs' Copyrighted Works.  *See Caridi*, 346 F. Supp. 2d at 1074 ("Because of the entry of default … the Court must take [plaintiffs'] allegation of willful infringement as true.").  Set Broadcast's advertisements and promotions for the Setvnow service leave no doubt about the character of its infringement.  Setvnow was a service that promised access to "500+ channels" with "Thousands of On Demand entertainment options" for "ONLY $20 PER MONTH."  Compl. ¶ 29.  Sponsored reviewers described the service aptly: "some [content] that you might have to rent somewhere else i[s] free here in your $20 subscription per month and your favorite TV shows are here too," and "You have new releases right there and you simply click on the movie … you click it and click on play again and here you have the movie just like that in 1 2 3 in beautiful HD quality."  Kim Decl. ¶ 6.  Given the obviously infringing nature of the streams Set Broadcast offered to its customers, Set Broadcast knowingly and willfully infringed Plaintiffs' Copyrighted Works.

### (b)    Number of Registered Works

Plaintiffs have submitted a representative sample of 51 registered Copyrighted Works that investigators confirmed were illegally streamed on the Setvnow service.  *See* Compl. ¶ 16; van Voorn Decl. ¶¶ 4-6; Kim Decl. ¶¶ 11-62,

-12-

Exs. 4-55 (list of infringed Copyrighted Works and corresponding Certificates of Registration).  As discussed *supra*, these 51 representative works represent a tiny fraction of the thousands of Plaintiffs' Copyrighted Works that Set Broadcast likely illegally infringed, given that the Setvnow service not only offered "Thousands of On demand" options, but also streamed "over 500 Live" television channels with Plaintiffs' Copyrighted Works.  Set Broadcast also appears to have had over 260,000 monthly subscribers to the Setvnow service, thus the sheer *number* of unauthorized streams, i.e., infringing public performances, of Plaintiffs' Copyrighted Works, likely reached the hundreds of thousands.  *See* Kim Decl. ¶ 9, Ex. 3.

> (c)     The Statutory Maximum Is Proportional to the Harm
>          Inflicted by Set Broadcast

The statutory maximum is appropriate in cases that involve widespread harm like that inflicted by Set Broadcast.  Courts in this circuit and beyond have awarded the statutory maximum in default judgment actions involving similar widespread and flagrant infringement.  *See, e.g.*, *Perfect 10, Inc., v. Talisman Comm. Inc.,* No. CV99-10450 RAP MCx, 2000 WL 364813, *3-4 (C.D. Cal. Mar. 27, 2000) (awarding maximum statutory damages per infringed work for willful infringement on default judgment); *Caridi*, 346 F. Supp. 2d at 1074 (same); *Graduate Mgmt. Admission Council v. Raju*, 267 F. Supp. 2d 505, 511-12 (E.D. Va. 2003) (same).

The $7,650,000 award Plaintiffs seek is proportional to the immense harm Set Broadcast has inflicted on Plaintiffs by inducing the widespread, unauthorized streaming of Plaintiffs' Copyrighted Works.  Set Broadcast has deprived Plaintiffs of their exclusive rights to control how, when, and to whom they will disseminate their Copyrighted Works.  *See Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 546 (1985) ("The rights conferred by copyright are designed to assure contributors to the store of knowledge a fair return for their labors."); *see also Zediva*, 824 F. Supp. 2d at 1012-13 (defendants' unauthorized streaming

-13-

"interfere[s] with Plaintiffs' ability to control the use and transmission of their Copyrighted Works, thereby causing irreparable injury.").

Set Broadcast's illegal conduct has irreparably undermined the legitimate market in which consumers can purchase access to the same works, into which Plaintiffs have invested significantly.  *See e.g.*, *Grokster*, 545 U.S. at 928-29 (discussing harms from unauthorized distribution of copyrighted works); *China Cent. Tele.*, 2015 WL 3649187, at *13 (infringing video streaming service caused irreparable harm because it "interfered with plaintiffs' ability to develop a lawful market for internet distribution"); *TickBox*, 2018 WL 1568698, at *12-13.  As is evident from Set Broadcast's advertising campaign, the Setvnow service was intended to compete with authorized and legitimate offerings, including authorized cable and broadcast networks and licensed VOD services.  *See* Compl. ¶¶ 1-4, 42-44.  Set Broadcast has willfully infringed Plaintiffs' Copyrighted Works and, in doing so, caused Plaintiffs and their entire business model immense damage.  The $7,650,000 statutory damages sought here therefore represents only a fraction of the actual damages inflicted by Set Broadcast on Plaintiffs.

### (d)     *Plaintiffs Are Entitled to a Permanent Injunction*

The Copyright Act authorizes courts to grant injunctive relief "to prevent or restrain infringement of a copyright."  17 U.S.C. § 502(a).  "As a general rule, a permanent injunction will be granted when liability has been established and there is a threat of continuing violations." *MAI Systems Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 520 (9th Cir. 1993).  This is so even where, as here, the infringer has apparently voluntarily ceased its infringing activities.  *See, e.g.*, *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1221-22 (C.D. Cal. 2007) (rejecting purported voluntary "reformation" by infringer and imposing permanent injunction); *see also Walt Disney Co. v. Powell*, 897 F.2d 565, 568 (D.C. Cir. 1990) (affirming permanent injunction where defendant voluntarily ceased infringing conduct).

-14-

Set Broadcast's default is an admission of the factual allegations regarding liability.  Though the Setvnow service appears to no longer be available, Set Broadcast's apparent cessation of its willful and flagrant infringement does not and should not prevent this Court from exercising its discretion to permanently enjoin Set Broadcast from infringing Plaintiffs' Copyrighted Works.  There is a significant threat of continuing irreparable injuries to Plaintiffs, which, in conjunction with the strong public interest in the enforcement of the copyright laws, outweighs the nominal hardship to Set Broadcast.

*First*, there is a significant threat of future infringement and voluntary cessation of infringing conduct is no defense to a permanent injunction.  In *Grokster*, for example, the defendant-infringer attempted to avoid a permanent injunction by asserting voluntary "reformation" of its infringing ways.  *Grokster*, 518 F. Supp. 2d at 1221-22.  Rejecting these self-serving statements, the district court found that the evidence in the record "warranted … an inference" of future infringement.  *Id.* at 1221.  As is the case here, the "'overwhelming' evidence of [defendant's] illegal objective … resulted in a 'staggering' amount of infringement." *Id.*  And, like the defendant in *Grokster*, Set Broadcast's "business model has depended on inducement and the company would financially benefit from further infringement."  *Id.*  Set Broadcast apparently sold hundreds of thousands of monthly subscriptions to its Setvnow service, and it sold these subscriptions by advertising the availability of "Thousands of On Demand" options and "over 500 live" television channels that featured Plaintiffs' Copyrighted Works.  As in *Grokster*, Set Broadcast has every financial incentive to return to its infringing ways.   While the Setvnow service is apparently no longer available, absent a permanent injunction, nothing will prevent Set Broadcast from launching yet another streaming service that serves the exact same function as the Setvnow service: providing high-quality, high-speed, and completely illegal streams of Plaintiffs' Copyrighted Works to customers.  "[T]he entire purpose of an injunction is to take away defendant's

-15-

discretion not to obey the law." *Canadian Lumber Trade Alliance v. United States*, 441 F. Supp. 2d 1259, 1266 (CIT 2006). In light of its willful and egregious conduct, Set Broadcast should not be afforded that discretion.

*Second*, an award of monetary damages alone will not adequately compensate Plaintiffs for the loss of control over the Copyrighted Works, the damage to their business goodwill, and harm to the continued advancement of the legitimate online market for distribution of creative works. *See TickBox*, 2018 WL 1568698, at *13 ("[I]t is unlikely that money damages could adequately compensate for difficult-to-quantify harms to Plaintiffs' business models and relationships" from unauthorized streaming); *Zediva*, 824 F. Supp. 2d at 1013 (same). Moreover, given Set Broadcast's default, collecting any monetary award will likely prove quite challenging. Under these circumstances, a monetary remedy is insufficient. *See, e.g.*, *Grokster*, 518 F. Supp. 2d at 1219 ("Damages are no remedy at all if they cannot be collected…."); *Lava Records, LLC v. Ates*, Civ. A-05-1314, 2006 WL 1914166, at *3 (W.D. La. July 11, 2006) (awarding permanent injunction because of "the need to prevent irreparable harm to Plaintiffs, which will not be remedied by a damage award that may or may not be collectible").

*Third*, the balance of hardships favors Plaintiffs. Any "harm" to Set Broadcast "does not merit significant equitable protection" as it is the result of its own illegal conduct. *Disney Enter. v. VidAngel*, 869 F.3d 848, 867 (9th Cir. 2017). In contrast, absent a permanent injunction, Plaintiffs will face the ongoing threat of continuing, irreparable harm by Set Broadcast and future infringement.

*Fourth*, "the public has a compelling interest in protecting copyright owners' marketable rights to their work and the economic incentive to continue creating television programming and motion pictures." *VidAngel*, 869 F.3d at 867.

Plaintiffs respectfully request that the Court enter the proposed permanent injunction against Set Broadcast.

*(e)     Post-Judgment Interest*

Plaintiffs respectfully request post-judgment interest calculated "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a).

## IV.    **CONCLUSION**

Plaintiffs respectfully request that the Court enter default judgment against Set Broadcast.

DATED:  June 28, 2019                    MUNGER, TOLLES & OLSON LLP


By:     */s/ Kelly M. Klaus*
        KELLY M. KLAUS
        Attorneys for Plaintiffs