UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-3325-MWF (ASx)          **Date:** July 31, 2019
**Title:** Amazon Content Services, LLC et al. v. Set Broadcast, LLC, et al.

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER RE: MOTION FOR DEFAULT JUDGMENT [53]

Before the Court is Plaintiffs Amazon Content Services, LLC, et al.'s Motion for Default Judgment Against Defendant Set Broadcast, LLC d/b/a Setvnow ("Set Broadcast") (the "Motion"), filed on June 28, 2019. (Docket No. 53). No opposition to the Motion was filed.

The Court has read and considered the papers filed in connection with the Motion and held a hearing on July 29, 2019. Counsel for Plaintiffs attended and no one purporting to represent Set Broadcast appeared at the hearing.

For the reasons discussed below, the Motion is **GRANTED**. Plaintiffs have satisfied all procedural and substantive requirements for a default judgment. Plaintiffs are awarded $7,650,000 in damages.

## I. BACKGROUND

Plaintiffs commenced this action on April 20, 2018. (*See generally* Complaint ("Compl.") (Docket No. 1)).

The Complaint contains the following allegations, which are accepted as true for purposes of the Motion. *See* Fed. R. Civ. P. 8(b)(6); *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016) ("[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.") (internal quotation marks and citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 18-3325-MWF (ASx)                    Date:  July 31, 2019**
**Title:     Amazon Content Services, LLC et al. v. Set Broadcast, LLC, et al.**

Plaintiffs are primarily Delaware corporations with their principal places of business in California.  (Compl. ¶¶ 5-15).  Defendant Set Broadcast is a Florida corporation with its principal place of business in Seminole, Florida.  (*Id.* ¶ 17).  Defendant Jason Labbosiere is the owner and operator of Set Broadcast and a resident of Florida.  (*Id.* ¶ 18).  Defendant Nelson Johnson is an employee and former authorized manager of Set Broadcast, also residing in Florida.  (*Id.* ¶ 19).

Plaintiffs and affiliates produce some of the most popular and critically acclaimed motion pictures and television shows in the world.  (*Id.* ¶ 24).  Plaintiffs invest substantial resources to develop, produce, distribute, and publicly perform their copyrighted works (the "Copyrighted Works"), and have the exclusive U.S. rights to do so.  (*Id.* ¶¶ 25-26).  Plaintiffs' content has been streamed without authorization through Defendants' service, Setvnow.  (*See generally id.* ¶¶ 31-47).

Defendants operate the source to which Setvnow links.  (*Id.* ¶ 28).  Defendants promote Setvnow as a substitute for cable television subscriptions and video-on-demand services like Amazon Prime Video and Netflix.  (*Id.* ¶ 42).  Once customers purchase a monthly subscription plan, they need only "download and install the Setvnow application on their laptop, mobile device, [or] tablet" to have access to "high-quality, high-speed streams of infringing content."  (*Id.* ¶ 30).  Setvnow's user interface provides simple click-to-play options for content.  (*Id.* ¶ 31).  When a user selects any of the provided menu links, Setvnow begins streaming the selected content from third-party sources, including live transmissions of cable channels and illicit reproductions of movies and television shows.  (*Id.* ¶¶ 32-33).

Defendants' business relies on "high-volume use of unauthorized content through the Setvnow application."  (*Id.* ¶ 45).  Defendants advertise Setvnow in promotional videos that tell customers they can "start enjoying live TV and videos on demand easily and conveniently" and that Setvnow will "provide the on-demand television shows and movies that you were looking for."  (*Id.* ¶ 42).  Defendants also utilize sponsored reviews to proliferate their service to a wider audience.  (*Id.* ¶ 43).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-3325-MWF (ASx)            **Date:** July 31, 2019
**Title:**     Amazon Content Services, LLC et al. v. Set Broadcast, LLC, et al.

Finally, Defendants utilize incentive programs where customers can refer friends and family to use Setvnow in exchange for "rewards and cash." (*Id*. ¶ 46). Thus, Defendants' revenues are based on an "increase in demand for Setvnow," which is directly driven by the service's promise to customers of "all-inclusive access to infringing content for only $20 per month." (*Id*. ¶ 47).

Plaintiffs assert two claims for relief: (1) violation of 17 U.S.C. § 106 by intentionally inducing the infringement of the Copyrighted Works, and (2) violation of 17 U.S.C. § 106 by knowingly and materially contributing to the infringement of the Copyrighted Works.

Through the Motion, Plaintiffs seek a judgment against Defendant Set Broadcast for $7,650,000, injunctive relief, and post-judgment interest. (Mot. at 11-17).

## II. **DISCUSSION**

### A. **Failure to Retain Counsel and Other Procedural Requirements**

Having reviewed the filings in this action, the Court is satisfied that Plaintiffs have met all procedural requirements for obtaining a default judgment against Set Broadcast.

Plaintiffs filed their Complaint on April 20, 2018, which was followed by Set Broadcast's retaining counsel and filing an Answer on June 19, 2018. (Mot. at 4). The parties exchanged some initial discovery and attempted settlement negotiations. (*Id*.). Counsel for Defendants withdrew on April 17, 2019. (Docket No. 45). The Court stayed this action until May 13, 2019, to permit Set Broadcast to file a notice with the Court that it had retained new counsel. (*See id.*). The Court ordered Set Broadcast to "show cause, in writing, by no later than May 13, 2019, why the Answer filed on June 18, 2018, should not be stricken for failure to retain counsel." (*Id*.). The Court further directed Plaintiffs to apply for entry to default by May 20, 2019, should Set Broadcast fail to respond to the Court's Order to Show Cause ("OSC"). (*Id*.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-3325-MWF (ASx)           **Date:** July 31, 2019
**Title:**     Amazon Content Services, LLC et al. v. Set Broadcast, LLC, et al.

Set Broadcast failed to respond to the OSC. On May 20, 2019, Plaintiffs applied to the Clerk for entry of default, and the Clerk entered default pursuant to Federal Rule of Civil Procedure 55(a) on May 28, 2019. (Docket Nos. 47, 49).

As a matter of discretion, the Court requires that a plaintiff serve a motion for default judgment on the relevant defendant(s). The Court does not require service under Rule 4 but does require that the service is reasonably likely to provide notice to the defendant(s). On June 28, 2019, Plaintiffs served the Motion on Set Broadcast by certified mail to Set Broadcast's principal place of business, by certified mail to its last known registered agent for service of process, and by electronic mail to the last known email address of its owner and operator, co-Defendant Labossiere. (Declaration of Elizabeth A. Kim ¶ 4 (Docket No. 53-2)). The Court is therefore satisfied that Set Broadcast has actual notice of the Motion.

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk under Rule 55(a). Having reviewed the filings in this action, the Court determines that the five procedural requirements of Federal Rule of Civil Procedure 55 and Local Rule 55-1 are met: (1) the Clerk entered default against Set Broadcast on May 28, 2019; (2) Set Broadcast failed to defend as to the Complaint; (3) Set Broadcast is not an infant or incompetent person; (4) Set Broadcast is not serving in the military and thus the Service Members Civil Relief Act does not apply; and (5) Plaintiffs served Set Broadcast with notice of the Motion and supporting papers on June 28, 2019, in a manner deemed appropriate by the Court.

Accordingly, Plaintiffs have satisfied the procedural requirements for obtaining entry of a default judgment.

### B.    The *Eitel* Factors

The choice as to whether a default judgment should be entered is at the sole discretion of the trial court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has determined that a court should consider seven discretionary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-3325-MWF (ASx)  **Date:** July 31, 2019
**Title:**     Amazon Content Services, LLC et al. v. Set Broadcast, LLC, et al.

factors before rendering a decision on motion for default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

The seven factors are: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the Complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *Id*.

The Court determines that, except for the strong policy favoring a decision on the merits, which is not dispositive, the *Eitel* factors weigh in favor of granting the Motion.

### C.    Remedies

Having determined that entry of default is appropriate, the Court next must consider remedies. Plaintiffs seek damages, injunctive relief, and post-judgment interest. (Mot. at 11-17). These requests are proper because they do not "differ in kind from, or exceed in amount, what is demanded in the pleadings." *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1051 (N.D. Cal. 2010) (quoting Fed. R. Civ. P. 54(c)).

#### 1.    Damages

Plaintiffs seek damages totaling $7,650,000, which reflects the statutory maximum of $150,000 for each of the 51 representative works infringed by Set Broadcast. (*See* 17 U.S.C. § 504(c)(1)-(2)).

Statutory damages are "particularly appropriate" in a case in which "defendant has failed to mount any defense or to participate in discovery, thereby increasing the difficulty of ascertaining plaintiffs actual damages." *Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1101 (N.D. Cal. 2003). Here, because Defendants have participated in minimal discovery and have failed to retain counsel after a period of months, statutory damages are an appropriate remedy.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 18-3325-MWF (ASx) | Date: July 31, 2019 |
| Title: Amazon Content Services, LLC et al. v. Set Broadcast, LLC, et al. | |

Further, the Ninth Circuit has held that "because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant." *L.A. News Serv. V. Reuters Tele. Int'l Ltd.* 149 F.3d 987, 996 (9th Cir. 1998). In the instant action, Plaintiffs have provided 51 representative works infringed by Set Broadcast, which Plaintiffs contend is a small sliver of the actual number works infringed upon. (*See* Mot. at 12-13). Thus, the actual damages in this case would likely be astronomically higher than the measure provided by the maximum statutory damages for the furnished representative works. (*Id.*). For that reason, although the actual damages are unknown, the Court is satisfied with the measure of damages provided by maximum statutory damages under the Copyright Act multiplied by Plaintiffs' 51 representative works.

Finally, as evidenced by Set Broadcast's numerous advertisements and promotions for the Setvnow service touting access to "500+ Channels" and "New Releases," including movies still in theaters, the Court determines that Set Broadcast's infringement was willful. (*See* Compl. ¶¶ 29-39). Furthermore, in instances of default judgment, the Court must take Plaintiffs' "allegation of willful infringement as true." *Warner Bros. Ent'mt Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1047 (C.D. Cal. 2004).

Accordingly, the Court awards Plaintiff a total of **$7,650,000** in damages.

### 2. Injunctive relief

Plaintiffs request a permanent injunction preventing Set Broadcast's future infringement. (Mot. at 14-15). The Copyright Act authorizes courts to grant injunctive relief "to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a).

Given that the Court accepts Plaintiffs' claim that Set Broadcast has violated the Copyright Act in the manner described above, the Court finds it appropriate to grant the requested injunctive relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 18-3325-MWF (ASx)            **Date:** July 31, 2019
**Title:**     Amazon Content Services, LLC et al. v. Set Broadcast, LLC, et al.

### D. Request to Extend Trial-Related Deadlines

At the hearing, Plaintiffs requested a 30-day extension of all trial-related deadlines in the Court's Scheduling Order given pending settlement discussions with Defendants Jason Labossiere and Nelson Johnson. (*See* Order Re: Jury Trial (Docket No. 31)). Good cause appearing, the Court **GRANTS** a 30-day extension of the trial-related deadlines.

### III. CONCLUSION

For the reasons discussed above, the Motion is **GRANTED**. Plaintiffs are awarded **$7,650,000**. A separate judgment will issue.

IT IS SO ORDERED.