UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

Amazon Content Services, LLC; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Netflix Studios, LLC; Paramount Pictures Corporation; Sony Pictures Television Inc.; Twentieth Century Fox Film Corporation; Universal City Studios Productions LLLP; Universal Cable Productions LLC; Universal Television LLC; Warner Bros. Entertainment Inc.,

Plaintiffs,

vs.

Set Broadcast, LLC d/b/a Setvnow; Jason Labossiere; Nelson Johnson,

Defendants.

Case No. 2:18-CV-03325-MWF (AS)

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS JASON LABOSSIERE AND NELSON JOHNSON**

The above-titled matter came before the Honorable Michael W. Fitzgerald, United States District Judge, presiding in Courtroom 5A of the above-titled Court, pursuant to Plaintiffs Amazon Content Services, LLC, Columbia Pictures Industries, Inc., Disney Enterprises, Inc., Netflix Studios, LLC, Paramount Pictures Corporation, Twentieth Century Fox Film Corporation, Universal City Studios Productions LLLP, and Warner Bros. Entertainment Inc.'s ("Plaintiffs") Motion for Default Judgment Against Defendants Jason Labossiere ("Labossiere") and Nelson Johnson ("Johnson") (Labossiere and Nelson are also referred to jointly as the "Individual Defendants").

The Individual Defendants were regularly served with process and then failed to plead or otherwise defend this action. The Individual Defendants' default was entered by the Clerk of Court on September 23, 2019. ECF Dkt. 63. Plaintiffs have requested judgment and a permanent injunction against the defaulted Individual Defendants. The Court has considered Plaintiffs' Motion and supporting papers. The Court previously entered judgment and a permanent injunction against the defaulted co-defendant Set Broadcast, LLC d/b/a Setvnow on July 31, 2019. ECF Dkt. 59.

Good cause having been shown and pursuant to Rules 54, 55(b)(2), 58(a), and 65 of the Federal Rules of Civil Procedure, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that judgment be entered as follows:

1. Labossiere and Johnson are liable, on a joint and several basis, for the payment of the $7,650,000 in damages previously awarded to Plaintiffs.

2. Labossiere and Johnson are liable, on a joint and several basis, for the payment of post-judgment interest, pursuant to 28 U.S.C. § 1961(a), "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."

3. Labossiere and Johnson, all of their agents, servants, and employees, and all persons in active concert or participation or in privity with any of them who receive actual notice of this Order are immediately and permanently enjoined according to the following terms:

4. For the purposes of this Judgment and Permanent Injunction against Defendant, the following definitions shall apply:

a. "ST-110 set-top box" shall refer to the hardware devices pre-loaded with copyright infringing software, addons, programs, applications, and all related services that Defendant marketed, promoted, sold, and supported.

b. "Setvnow service" shall refer to the copyright infringing software, programs, applications, and services that transmit or otherwise communicate television programs and motion pictures over the Internet that Defendants marketed, promoted, sold, and supported.

c. "Copyrighted Works" shall mean all copyrighted works (and any portions thereof) in which the Plaintiffs, individually or jointly, (or any parent, subsidiary, or affiliate of any of the Plaintiffs) owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

5. Labossiere and Johnson shall be permanently restrained and enjoined from infringing, by any means, directly or indirectly, any of Plaintiffs' exclusive rights under the Copyright Act in the Copyrighted Works. Labossiere and Johnson are further permanently enjoined as follows:

a. They shall permanently cease all operation of the Setvnow service and ST-110 set-top box, including without limitation services related to the Setvnow service within five (5) days of entry of this Judgment and Permanent Injunction.

b. They shall be further enjoined from operating any website, system, software, or service that is substantially similar to the Setvnow service.

c. They shall be further enjoined from distributing, selling, advertising, marketing, or promoting the ST-110 set-top box or any substantially similar computer hardware device or related software that contains, connects to, transmits, , streams, hosts, provides access to, or otherwise publicly performs, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Works without authorization.

d. They shall not directly or indirectly take any additional steps to release publicly, distribute, transfer, or give any source code, object code, other technology, domain names, trademarks, brands, assets or goodwill in any way related to the Setvnow service.

6. Service by mail upon the Individual Defendants of a copy of this Default Judgment and Permanent Injunction, once entered by the Court, is deemed sufficient notice to the Individual Defendants under Federal Rule of Civil Procedure 65. It shall not be necessary for the Individual Defendants to sign any form of acknowledgement of service.

7. This Permanent Injunction shall bind the Individual Defendants and all of their agents, servants, and employees, and all persons in active concert or participation or in privity with any of them who receive actual notice of this Permanent Injunction. The Individual Defendants shall provide a copy of this Permanent Injunction to their agents, servants, employees, attorneys, and current and future administrators or moderators of the any online forums associated with Set Broadcast.

8. Violation of this Permanent Injunction shall expose the Individual Defendants and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

9. Within 14 days of the date the Court enters this Default Judgment and Permanent Injunction, the Individual Defendants shall file and serve a report in

writing and under oath setting forth in detail the manner and form with which they have complied with the Permanent Injunction.

10. The Court finds there is no just reason for delay in entering this Default Judgment and Permanent Injunction and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Default Judgment and Permanent Injunction.

11. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction.

**IT IS SO ORDERED**

DATED: November ___, 2019

_______________________________

UNITED STATES DISTRICT JUDGE
HON. MICHAEL W. FITZGERALD