JS-6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Amazon Content Services, LLC; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Netflix Studios, LLC; Paramount Pictures Corporation; Sony Pictures Television Inc.; Twentieth Century Fox Film Corporation; Universal City Studios Productions LLLP; Universal Cable Productions LLC; Universal Television LLC; Warner Bros. Entertainment Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Set Broadcast, LLC d/b/a Setvnow; Jason Labossiere; Nelson Johnson, <br><br> Defendants. | Case No. 2:18-cv-3325-MWF-AS <br><br> Before the Honorable Michael W. Fitzgerald <br><br> **DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANTS JASON LABOSSIERE AND NELSON JOHNSON** <br><br> Date: November 18, 2019 <br> Time: 10:00 a.m. <br> Courtroom: Courtroom 5A <br> First Street Courthouse <br> 350 W. 1st Street, <br> Los Angeles, CA 90012 |

The above-entitled matter came before the Honorable Michael W. Fitzgerald, United States District Judge, presiding in Courtroom 5A of the above-

entitled Court, pursuant to Plaintiffs Amazon Content Services, LLC; Columbia Pictures Industries, Inc.; Disney Enterprises, Inc.; Netflix Studios, LLC; Paramount Pictures Corporation; Sony Pictures Television Inc.; Twentieth Century Fox Film Corporation; Universal City Studios Productions LLLP; Universal Cable Productions LLC; Universal Television LLC; Warner Bros. Entertainment Inc's ("Plaintiffs") Motion for Default Judgment Against Jason Labossiere and Nelson Johnson ("Defendants"). (Docket No. 65).

      Defendants were regularly served with process and then failed to plead or otherwise defend this action. Defendants' default was entered by the Clerk of Court on September 23, 2019. (Docket No. 64). Plaintiffs have now requested entry of default judgment against the defaulted Defendants. The Court has considered Plaintiffs' Motion and supporting papers.

      Good cause having been shown and pursuant to Rules 54(a), 55(b)(2), 58(a), and 65(d) of the Federal Rules of Civil Procedure,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that judgment in favor of Plaintiffs be entered as follows:

1. Labossiere and Johnson are liable, on a joint and several basis, for the payment of the **$7,650,000** in damages previously awarded to Plaintiffs, which reflects the statutory maximum of $150,000 for each of the 51 representative works infringed by Defendants.
2. Labossiere and Johnson are liable, on a joint and several basis, for the payment of post-judgment interest as provided by law.
3. Labossiere and Johnson, all of their agents, servants, and employees, and all persons in active concert or participation or in privity with any of them who receive actual notice of this Order are immediately and permanently enjoined according to the following terms:

4. For the purposes of this Judgment and Permanent Injunction against Defendants, the following definitions shall apply:

    a.    "ST-110 set-top box" shall refer to the hardware devices preloaded with copyright infringing software, addons, programs, applications, and all related services that Defendants marketed, promoted, sold, and supported.

    b.    "Setvnow service" shall refer to the copyright infringing software, programs, applications, and services that transmit or otherwise communicate television programs and motion pictures over the Internet that Defendants marketed, promoted, sold, and supported.

    c.    "Copyrighted Works" shall mean all copyrighted works (and any portions thereof) in which the Plaintiffs, individually or jointly, (or any parent, subsidiary, or affiliate of any of the Plaintiffs) owns or controls an exclusive right under the United States Copyright Act, 17 U.S.C. §§ 101 et seq.

5. Labossiere and Johnson shall be permanently restrained and **ENJOINED** from infringing, by any means, directly or indirectly, any of Plaintiffs' exclusive rights under the Copyright Act in the Copyrighted Works. Labossiere and Johnson are further permanently **ENJOINED** as follows:

    a.    Shall permanently cease all operation of the Setvnow service and ST-110 set-top box, including without limitation services related to the Setvnow service within five (5) days of entry of this Judgment and Permanent Injunction.

    b.    Shall be further enjoined from operating any website, system, software, or service that is substantially similar to the Setvnow service.

    c.    Shall be further enjoined from distributing, selling, advertising, marketing, or promoting the ST-110 set-top box or any substantially similar

computer hardware device or related software that contains, connects to, transmits, streams, hosts, provides access to, or otherwise publicly performs, directly or indirectly, by means of any device or process, Plaintiffs' Copyrighted Works without authorization.

  d. Shall not directly or indirectly take any additional steps to release publicly, distribute, transfer, or give any source code, object code, other technology, domain names, trademarks, brands, assets or goodwill in any way related to the Setvnow service.

6. Service by mail upon Labossiere and Johnson of a copy of this Default Judgment and Permanent Injunction, once entered by the Court, is deemed sufficient notice to them under Federal Rule of Civil Procedure 65. It shall not be necessary for Labossiere and Johnson to sign any form of acknowledgement of service.

7. This Permanent Injunction shall bind Labossiere and Johnson and all of their agents, servants, and employees, and all persons in active concert or participation or in privity with any of them who receive actual notice of this Permanent Injunction. Labossiere and Johnson shall provide a copy of this Permanent Injunction to their agents, servants, employees, attorneys, and current and future administrators or moderators of the any online forums associated with Set Broadcast.

8. Violation of this Permanent Injunction shall expose the Labossiere and Johnson and all other persons bound by this Permanent Injunction to all applicable penalties, including contempt of Court.

9. Within 14 days of the date the Court enters this Default Judgment and Permanent Injunction, Labossiere and Johnson shall file and serve a report in writing and under oath setting forth in detail the manner and form with which they have complied with the Permanent Injunction.

10. The Court finds there is no just reason for delay in entering this Default Judgment and Permanent Injunction and, pursuant to Fed. R. Civ. P. 54(a), the Court directs immediate entry of this Default Judgment and Permanent Injunction.

11. The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Default Judgment and Permanent Injunction

Dated: November 25, 2019

_____
MICHAEL W. FITZGERALD
United States District Judge